**No.** 22-17014

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

Matthew Flinders,

*Plaintiff-Appellant*,

v.

State Bar of California,

*Defendant-Appellee.*

_____

On Appeal from the United States District Court for the Northern
District of California Case No. 22-cv-04072-VKD,
Hon. Virginia K. Demarchi, presiding

_____

## APPELLANT'S OPENING BRIEF

_____

Matthew Flinders
1267 Lakeside Dr., 3077
Sunnyvale, CA  94085
617-699-3068

*Plaintiff-Appellant Pro Se*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................. iv

INTRODUCTION ........................................................................................... 1

JURISDICTIONAL STATEMENT ..................................................................... 4

ISSUE(S) PRESENTED ...................................................................................... 5

STATEMENT OF THE CASE ............................................................................ 6

SUMMARY OF THE ARGUMENT .................................................................. 12

ARGUMENT ................................................................................................... 17

I.    This Court reviews motions to dismiss under Rules 12(b)(1) and 12(b)(6) de novo ........................................................................................... 17

II.   This Court should reverse the district court's dismissal under Rule 12(b)(1) because the trial court had jurisdiction over Plaintiff's employment discrimination claims ........................................................... 17

        A. Lower federal courts have jurisdiction over general challenges to Defendant's admissions rules that violate federal law……………………………………………………………18

            1. There is no requirement to petition the Supreme Court of California in order to challenge Defendant's general unlawful practices in lower federal courts   ………..……….18

        B. The trial court erroneously failed to consider the State Supreme Court's rejection of Plaintiff's claims……………………………….... 20

        C. Defendant State Bar is not entitled to Eleventh Amendment Immunity……………………………………………………………21

1. The most "salient" of factors in assessing Eleventh
Amendment Immunity weighs against immunity for Defendant..21

2. Every other factor used in establishing Eleventh
Amendment Immunity weighs against granting Defendant
immunity……… …………………………………………… 22

III.     Plaintiff's claims of age-based employment discrimination against
Defendant are fully viable…………………………….……………...…. 25

A. Defendant State Bar is an Attorney Employer Prohibited
from Imposing Discriminatory Employment Examinations on
Prospective Attorney Employees…………………………..……… 26

B. Defendant State Bar is a labor organization and
employment agency as defined under the ADEA and FEHA
that is prohibited from discriminating against prospective
members and employees on the basis of age………………..……… 28

C. Defendant State Bar is a "licensing board" as defined under
the FEHA that is prohibited from establishing discriminatory
licensing examinations……………………………………..…….31

CONCLUSION ................................................... 35

STATEMENT OF RELATED CASES ................................. 36

CERTIFICATE OF COMPLIANCE ...................................37

ADDENDUM ...................................................38

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Boston Chapter, NAACP, Inc. v. Beecher*
371 F. Supp. 507 (D. Mass 1974) ...................................................................27

*Camacho v. Puerto Rico Ports Authority*
369 F.3d 570 (D. Puerto Rico 2004) ..............................................................27

*Chaney v. State Bar of California*
386 F.2d 962, 966 (1967) .......................................2, 5, 14, 20, 21, 24

*City of Moorpark v. Superior Court*
18 Cal.4th 1143 (1998) ..................................................................................33

*Craig v. State Bar of California,*
141 F.3d 1353 (9th Cir. 1998) ................................................................. passim

*Crowe v. Oregon State Bar*
989 F.3d 7146 (9th Cir. 2021) .........................................................3, 15, 22-25

*D.C. Court of Appeals v. Feldman*
460 U.S. 462, 103 S. Ct. 1303 (1983) ....................................................2, 12, 19

*Durning v. Citibank, N.A.*
950 F.2d 1419 (9th Cir. 1991) .......................................................................25

*Eichenberger v. ESPN, Inc.*
876 F.3d 979 (9th Cir. 2017) .........................................................................17

*Farahani v. San Diego Community College Dist.*
175 Cal.App.4th 1486 (2009) ........................................................................21

*Giannini v. Comm. of Bar Examiners of State Bar of Cal.*
847 F.2d 1434 (9th Cir. 1988) .......................................................................13

*Griggs v. Duke Power Co.*
401 U.S. 424 (1971)..................................................................................16, 34

*Gulino v. Board of Education*
113 F. Supp. 3d 663 (S.D.N.Y 2015) ...................................................27

*Haddock v. Board of Dental Examiners*
777 F.2d 462 (9th Cir. 1985) ...........................................................27

*Hess v. Port Auth. Trans-Hudson Corp.*
513 U.S. 30 (1994)..............................................................3, 5, 22

*Keller v. State Bar of California*
496 U.S. 1 (1990).................................................... 15, 22, 23, 24, 29

*Knight v. Hayward Unified School Dist.*
132 Cal.App.4th 121 (2005) .......................................................... 17, 34

*Kohn v. State Bar of Cal.*
497 F. Supp 3d 526 (N.D. Cal. 2020) ......................................... 31, 32

*Lake v. Ohana Mil. Communities*
*LLC*, 14 F.4th 993 (9th Cir. 2021)................................................. 17

*Lewis v. City of Chicago*
130 S. Ct. 2191 (2010) ...................................................... 6, 16, 26, 34

LN Mgmt. v. JPMorgan Chase Bank,
7 F.3D 943 (9th Cir. 2020)............................................................17

*Meacham v. Knolls Atomic Power Laboratory*
554 U.S. 84 (2008)......................................................................... 17, 34

*Mitchell v. L.A. Cmty. Coll. Dist.*
861 F.2d 198 (9th Cir. 1988) ............................................... 15, 22-23

*Puntolillo v. New Hampshire Racing Commission*
390 F. Supp. 231 (D.N.H. 1975) ......................................................... 27

*Rojo v. Kliger*
52 Cal.3d 65 (1990) ........................................................................... 33

*Sibley Memorial Hospital v. Wilson*
  488 F.2d 1338 (D.C. Cir. 1973) ....................................................... 26

*Sisemore v. Master Financial, Inc.*,
  151 Cal.App.4th 1386 (2007) ..................................................... 16, 34

*Smith v. City of Boston*
  267 F. Supp. 3d 325 (2017) .............................................................. 27

*State Personnel Board v. Fair Employment and Housing Commission*
  39 Cal.3d 422 (1985) ....................................................................... 33

*Tyler v. Vickery*
  517 F.2d 1089 (5th Cir. 1975) ......................................................... 27

*Vernon v. State of California*
  116 Cal.App.4th 114 (2004) ............................................................ 26

*Woodward v. Virginia Bd. Of Bar Examiners*
  598 F.2d 1345 (4th Cir. 1979) ......................................................... 27

**Constitutional Provisions**

California State Constitution, Article VI § 10 ...................................... 19

United States Constitution, Eleventh Amendment .......................... passim

**Statutes**

Age Discrimination in Employment Act of 1967
  (ADEA)............................................................................. passim

Cal. Bus. & Prof. Code § 6001 ..................................... 8, 15, 24, 31-32

Cal. Bus. & Prof. Code § 6002 ......................................................28

Cal. Bus. & Prof. Code § 6009.5 .................................................... 8

Cal. Bus. & Prof. Code § 6066 ...................................................... 19

California Fair Employment and Housing Act
  (FEHA) ............................................................................passim

Cal. Gov't Code § 12920 ........................................................... 33

Cal. Gov't Code § 12926 ........................................................28, 30

Cal. Gov't Code § 12921 ........................................................... 33

Cal. Gov't Code § 12940 ...................................................... 9-11, 27

Cal. Gov't Code § 12944 ................................................ 9-10, 17, 32-34

29 U.S. Code § 623 ......................................... 9, 10, 26, 29, 30

29 U.S. Code § 630 ........................................ 10, 26, 28, 30

28 U.S.C. § 1331 ................................................................ 4

28 U.S.C. § 1367 ................................................................ 4

## Regulations

Cal. Code Regs. tit. 2 § 11008(i) ...........................................10

## Rules

Federal Rules of Civil Procedure 12(b)(1) ........................ 11, 12, 17, 35

Federal Rules of Civil Procedure 12(b)(6) ........................ 11, 17, 25, 35

Federal Rule of Appellate Procedure 4(a)(1) ........................... 4

## INTRODUCTION

The causes of action in this case surround egregious age-based employment discrimination by Defendant State Bar in which they utilized their attorney employment/licensing examinations to all but eliminate access to employment of prospective attorneys in protected age classes (i.e., those of age 40 and over) in violation of the Age Discrimination in Employment Act (ADEA) and California's Fair Employment and Housing Act (FEHA). The chances for those of Plaintiff's age passing Defendant's discriminatory employment examinations, by which Defendant makes its own attorney hiring decisions, was made effectively negligible while the opportunities for applicants of younger ages are made overwhelmingly greater.[1]

The district court dismissed Plaintiff's claims based on an unfounded ruling that any challenge to the general discriminatory practices promulgated by Defendant and its overseer Supreme Court of California ("State Supreme Court") must first be formally submitted for review by direct petition of an individual's rejected bar application to the State Supreme Court. Contrary to the district court's ruling, this Court and the U.S. Supreme Court has established that challenges to general and unlawful practices of Defendant State Bar, as this case unquestionably

---

[1] Compl. ¶ 12, Exhibits A, B (ER-114, 128-131).

1

is, are well within the jurisdiction of lower federal courts.[2]  Individualized

admission rejections can be directly petitioned to the State Supreme Court, after

which only the U.S. Supreme Court has jurisdiction to review a petition decision

rendered by a state's highest court.[3]

Moreover, in dismissing Plaintiff's claims, the district court erroneously

disregarded the fact that the State Supreme Court had already reviewed and

expressly rejected Plaintiff's challenges to Defendant's discriminatory scoring

methods which they and Defendant "promulgated."  The trial court bases its ruling

on the erroneous proposition that the State Supreme Court must act directly under

an individualized applicant petition before a generalized discriminatory practice

operates as an unlawful deprivation that can be acted upon by lower federal

courts.[4]

Even assuming this unfounded proposition by the trial court is correct, this

Court has established that an implicit or explicit rejection by the Supreme Court of

California of an individual's challenge effects a "deprivation."[5]  By disregarding

the explicit rejection by the State Supreme Court of Plaintiff's claims of

---

[2] *Craig v. State Bar of California*, 141 F.3d 1353 (9th Cir. 1998); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).
[3] *Id.*
[4] Section III (c) of district court Judgment (ER-10-11).
[5] *Chaney v. State Bar of California*, 386 F.2d 962, 966 (1967).

discrimination, the district court further errs in ruling that Plaintiff's employment rights have not been violated by attorney employer Defendant.

The trial court further decided, without basis, that Plaintiff's claims lacked merit because Plaintiff purportedly did not allege he was in an "employment relationship" with Defendant. Plaintiff has demonstrated the requisite and numerous "employment relationships" between Defendant and Defendant's prospective employees and members, including Plaintiff, under established basis of the ADEA and FEHA, basis that the trial court simply ignored in its ruling. ER-30-36, ER-120-125.

Defendant additionally challenges the jurisdiction of the district court by incorrectly asserting that it is entitled to Eleventh Amendment immunity under the U.S. Constitution. ER-96. Based on each of the factors established by this Court and the U.S. Supreme Court in assessing Eleventh Amendment immunity, none of them favors immunity for Defendant, as they correspondingly did not for the State Bar of Oregon.[6] Without ultimately ruling on Defendant's immunity, the district court inserted its own flawed finding that Defendant's admission pertaining to the most "salient" of factors, a state's susceptibility to money damages, was purportedly irrelevant. ER-11. Indeed, the admission by Defendant that it is "not

---

[6]*Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021) following *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994).

the State" for purposes of money damage claims clearly weighs this most "salient" of factors against granting Defendant immunity under the Eleventh Amendment.

The trial court's ruling and judgment dismissing Plaintiff's claims are thus unfounded and should be reversed. Any claims of Eleventh Amendment immunity by Defendant and assertions that Plaintiff's claims lack viability should also be dismissed and the trial court ordered to proceed with this case accordingly.

## JURISDICTIONAL STATEMENT[7]

Plaintiff-Appellant Matthew Flinders brought this action against the State Bar of California under the federal Age Discrimination in Employment Act of 1967 (ADEA) and the California Fair Employment and Housing Act (FEHA). The district court therefore had subject-matter jurisdiction over the ADEA claims under 28 U.S.C. §§ 1331 and ancillary and supplemental jurisdiction under 28 U.S.C. § 1367 over the FEHA claims.

This appeal is timely. The district court entered judgement and an order dismissing Plaintiff-Appellant's claims in full on December 5, 2022. ER-3. Plaintiff then filed this appeal on December 29, 2022, within the 30-day limit provided by Federal Rule of Appellate Procedure 4(a)(1). ER-132.

4

## ISSUES PRESENTED

1. In *Craig v. State Bar* 141 F.3d 1353, 1354 (1998), the Ninth Circuit ruled that general challenges to admissions rules of Defendant State Bar are within the jurisdiction of lower federal courts. Did the district court err in ruling that it lacked jurisdiction to hear Plaintiff's challenges to Defendant's unlawfully discriminatory scoring practices?

2. In *Chaney v. State Bar of California*, 386 F.2d 962, 966 (1967), the Ninth Circuit ruled that when the Supreme Court of California expressly or impliedly rejects a challenge to Defendant's admission decisions, that rejection and those decisions may effect an unlawful deprivation by Defendant. Did the district court err in dismissing Plaintiff's claims when it disregarded the Supreme Court of California's explicit rejections of Plaintiff's claims of discrimination under federal and state employment laws?

3. In *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994), the U.S. Supreme Court ruled that the most "salient factor" in determining an agency's entitlement to immunity under the Eleventh Amendment of the U.S. Constitution is the vulnerability of a State's treasury to claims made against that agency. Did the district court err in finding that Defendant State Bar's admission that money damage claims made against them

5

were not made against the "state" were irrelevant to the issue of
Defendant's alleged immunity under the Eleventh Amendment?

4. In *Lewis v. City of Chicago*, 130 S. Ct. 2191, 2194 (2010), the U.S.
Supreme Court ruled that a discriminatory qualification examination for
prospective firefighters established the requisite relationship between the
examinees and an employer (City of Chicago) to merit an employment
discrimination claim. Did the district court err in alleging that Defendant
attorney-employer lacked the requisite "relationship" with Plaintiff to
merit viable claims under the ADEA and FEHA based on Defendant's
discriminatory attorney qualification Examinations?

## STATEMENT OF THE CASE

This lawsuit challenges the State Bar of California's general discriminatory
scoring methods for its attorney qualification examinations that all but eliminate
access to employment as an attorney for those in Plaintiff's protected age class, in
violation of the ADEA and FEHA.

**A. Defendant's discriminatory licensing/employment examinations**

In order to qualify for employment with Defendant as an attorney, an
applicant must generally participate in and receive a passing score in one of

Defendant's employment/licensing examinations ("Examinations") administered in July and February of each year.[8]  The Examinations include a multi-state multiple choice portion ("MBE") developed and scored by the National Conference of Bar Examiners ("NCBE") and an essay portion developed and scored by Defendant.[9] Certain applicants that are already licensed to practice in jurisdictions outside of California may opt to exclusively participate in Defendant's essay portion of the Examinations ("Essay-only" Examinations).[10]  Plaintiff participated in the July 2019 and February 2020 Essay-only Examinations and failed to receive a passing score in either.  ER-115.

In response to a California Public Records Act request from Plaintiff, records provided by Defendant reflect that Defendant's scoring of the essay portions of the Examinations overwhelmingly disfavor those in protected age classes (e.g., 40 and over) compared to those of younger ages.  ER-114, 127-131. For example, as a 50 year-old, Plaintiff's chances of passing the July 2019 Essay-only Examination was approximately 0.48% while the chances for applicants between ages of 24 to 29 was approximately 63%.  *Id.*

_____

[8] Compl. ¶ 14 (ER-115); https://www.calbar.ca.gov/Admissions/Examinations (last accessed on February 4, 2023).
[9] *Id*.
[10] https://www.calbar.ca.gov/Admissions/Requirements/Attorney-Applicants (last accessed on February 4, 2023).

Both Defendant and Defendant's supervisor Supreme Court of California were made aware of this pattern and practice of discrimination by way of Defendant's collection of applicant demographic information as required under California law and from Plaintiff's certified letter delivered well before any formal charge or complaint was lodged against either by Plaintiff.[11]  Defendant further falsely represented that the scoring of their essay Examinations in which Plaintiff participated were scaled based on scores achieved in the multi-state MBE portion of the two-day Examinations.  ER-117.  Neither the public nor Plaintiff were notified of Defendant's egregious discriminatory practices prior to Plaintiff's participation in these Examinations, prior to the thousands of dollars in payments in application and examination fees made by Plaintiff to Defendant, and prior to the foreseeable and substantial expense and time Plaintiff and many others expended in preparation for these discriminatory Examinations.  ER-116.

**B. Plaintiff's injuries**

As a direct and instant result of Defendant's discriminatory scoring practices, Plaintiff and thousands of other applicants in protected age classes suffered irreparable harm by being denied an "equal opportunity" in access to employment, both with Defendant, their supervisor Supreme Court of California,

---

[11] Comp. ¶¶ 17-18, 29 (ER-115, 118); Cal. Bus. and Prof. Code (BPC) §§ 6009.5, 6001.3.

and all other California attorney-employers. After Plaintiff's then-employer had confirmed that Plaintiff failed to pass a second of Defendant's Examinations, Plaintiff was told by his then-employer that his employment was being terminated as a consequence. ER-115. Plaintiff's professional colleagues, friends, and family were made immediately aware of Plaintiff's failure to achieve passing scores and of his subsequent termination. The employment prospects for and the professional reputations of Plaintiff and thousands of other protected applicants were and continue to be irreparably harmed by Defendant's flagrant past and ongoing pattern and practice of employment discrimination.

Defendant's unlawful conduct also harms the general public by severely restricting competition within the California legal trade and arbitrarily creating a crisis constraining affordable access to justice to millions of Californians.[12]

**C. Plaintiff's claims and procedural history**

Plaintiff filed this lawsuit against Defendant State Bar of California under 29 U.S.C. § 623 (of the ADEA) and Cal. Gov. Code Gov. Code §§ 12940 and 12944 (of the FEHA) to challenge employer Defendant's past and ongoing practices of employment discrimination against those in Plaintiff's protected age class.

---

[12] Egelko, Bob. "Court cases in California have plummeted. Here's why the state's chief justice says it's a very troubling sign." San Francisco Chronicle (Dec 5, 2022), available at https://www.sfchronicle.com/politics/article/Court-cases-in-California-have-plummeted-17627219.php

In his first claim, Plaintiff alleges that Defendant violated 29 U.S.C. § 623 (a) (1) as an "employer" as defined under 29 U.S. Code § 630 (b) by denying Plaintiff access to employment with employer Defendant and other attorney-employers based on Plaintiff's age. ER-121. In his second claim, Plaintiff alleges that Defendant violated 29 U.S.C. § 623 (d) as a "labor organization" as defined under 29 U.S. Code § 630 (d) by denying Plaintiff access to membership with Defendant labor organization based on Plaintiff's age. ER-121. In his third claim, Plaintiff alleges that Defendant violated 29 U.S.C. § 623 (b) as an "employment agency" as defined under 29 U.S. Code § 630 (c) by denying employment referral to Plaintiff based on Plaintiff's age. ER-122.

In his fourth claim, Plaintiff alleges that Defendant violated Cal. Gov. Code § 12940 (a) as an employer as defined under Cal. Gov. Code § 12940 (j)(4)(a) by denying access to employment with Defendant employer and other attorney-employers based on Plaintiff's age. ER-122. In his fifth claim, Plaintiff alleges that Defendant violated Cal. Gov. Code §§ 12944 (a) and (c) as a "licensing board" as defined under Cal. Gov. Code § 12944 (f) by administering a licensing examination to Plaintiff that discriminated against Plaintiff based on his age. ER-123. In his sixth claim, Plaintiff alleges that Defendant violated Cal. Gov. Code § 12940 (b) as a "labor organization" as defined under Cal. Code Regs. tit. 2 § 11008(i) by denying Plaintiff access to membership with Defendant labor

10

organization based on Plaintiff's age. ER-124. In his seventh claim, Plaintiff alleges that Defendant violated Cal. Gov. Code § 12940 (i) by aiding and abetting acts of employment discrimination by the Supreme Court of California and other attorney employers who denied Plaintiff access to employment based on Plaintiff's age. ER-125.

In the district court, Defendant moved to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) for allegedly failing to state a claim for relief and for a lack of subject matter jurisdiction with the district court. Plaintiff opposed Defendant's motion, raising the following issues: 1) that, prior to the instigating the present general attack on Defendant's discriminatory scoring methods, Plaintiff was not required to petition Plaintiff's individual application rejections to the State Supreme Court; 2) that the State Supreme Court has no original jurisdiction to try claims of employment discrimination; 3) that Defendant is not entitled to Eleventh Amendment immunity under the U.S. Constitution; 4) that Defendant is liable to Plaintiff as an employer under the ADEA and FEHA on the basis of its discriminatory employment examinations; 5) that, under the ADEA and FEHA, Defendant is liable to Plaintiff as a labor organization and employment agency; 6) Defendant is liable as a "licensing board" under the FEHA; and 7) that there is no preclusive effect on this case from unresolved state tort actions currently under appeal. ER-21-40.

11

The district court ruled that it lacked jurisdiction on the basis that Plaintiff failed to petition Plaintiff's individual application rejections to the State Supreme Court and entered judgment dismissing all of Plaintiff's claims. ER-10. Without reasoning or basis, the district court alleged that Defendant lacked a requisite relationship with Plaintiff and other similarly situated prospective attorney-employees to merit claims under the ADEA and FEHA. ER-12-13. Without ultimately ruling on the remaining issues, the district court further found that Defendant's assertion that it was "not the state" for the purpose of money damage claims was allegedly irrelevant to the issue of Eleventh Amendment Immunity. ER-10.

Pertinent constitutional provisions, statutes, rules, and regulations are set forth in an Addendum following this Opening Brief.

## SUMMARY OF THE ARGUMENT

The district court erred in dismissing Plaintiff's claims under Rule 12(b)(1) because the district court had jurisdiction to hear Plaintiff's claims against Defendant under federal employment discrimination laws.

The district court incorrectly ruled that Defendant's unlawful discrimination did not operate as unlawful deprivations unless and until Plaintiff petitioned the Supreme Court of California. The district court's ruling contradicts *Craig v. State Bar* 141 F.3d 1353, 1354 (1998) and *D.C. Court of Appeals v. Feldman,* 460 U.S.

12

462 (1983), where this Court and the U.S. Supreme Court ruled that challenges to
general admissions rules or practices of Defendant State Bar and the District of
Columbia Bar are within the jurisdiction of lower federal courts even though such
bodies may serve under higher state or federal courts with ultimate licensing
authority.

This Court has ruled that, where a matter only concerns an appeal to reverse
a denial of admission that is specific to an individual applicant, may one be
compelled to first petition the Supreme Court of California, after which only the
United States Supreme Court has jurisdiction to review a decision by a state's
highest court. *Craig* at 1354. The district court's ruling primarily and erroneously
hinges on *Giannini v. Comm. of Bar Examiners of State Bar of Cal.*, 847 F.2d
1434, 1435 (9th Cir.1988),[13] which concerned an appeal of an individual petition
decision denying an individual applicant's request to reverse an admission
decision, not a general challenge, as this case is, to the general and unlawful
examination rules and scoring methods of Defendant, which is within the
jurisdiction of lower federal courts as this Court has ruled. Defendant's
discriminatory scoring rules and methods, which both Defendant and the Supreme
Court of California promulgated, is clearly within the category of a "general

---

[13] ER-11.

13

attack" on methods or rules that intrinsically and actively operate, with or without any individual "petition," as unlawful "deprivations" to thousands of prospective employees in protected age classes, including Plaintiff.

The district court further erred by failing to recognize that Defendant's unlawful scoring rules and methods were sanctioned as "deprivations" when the Supreme Court of California explicitly rejected Plaintiff's claims of employment discrimination in response to a charge Plaintiff filed with the Equal Employment and Opportunity Commission ("EEOC"). ER-11. In *Chaney v. State Bar of California*, 386 F.2d 962, 966 (1967), this Court ruled that when the Supreme Court of California expressly or impliedly rejects a challenge to an unlawful admission decision by Defendant, that admission decision operates as an unlawful deprivation. Moreover, even after being notified by Plaintiff of their unlawfully discriminatory Examinations, Defendant and the Supreme Court of California implemented a retroactive "cut score" program that exacerbated the discriminatory impact of the Examinations, further implicitly if not explicitly rejecting Plaintiff's claims of unlawful discrimination.[14] Accordingly, the district court erred in

---

[14] Compl. ¶ 30 (ER-118); "Order Concerning Modifications to the California Bar Examination," Administrative Order 2020-08-10, Supreme Court of California (2020), available at https://newsroom.courts.ca.gov/sites/default/files/newsroom/document/20200810121225776.pdf (last accessed February 7, 2023).

14

dismissing Plaintiff's claims by ruling that Defendant's discriminatory scoring practices did not operate as unlawful "deprivations" even after the Supreme Court of California explicitly and implicitly rejected Plaintiff's claims of discrimination.

Defendant's assertion that it is entitled to Eleventh Amendment immunity is erroneous. Each of the five *Mitchell*[15] factors that this Court considers in evaluating Eleventh Amendment immunity weighs against granting such immunity to Defendant. Most important in assessing Defendant's alleged immunity is the fact that the State of California's treasury is not subject to the debts and liabilities of Defendant.[16] Like the State Bar of Oregon that was denied immunity under *Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021), Defendant is fully funded by its member dues and applicant fees, serves merely in an advisory capacity to the state, and can sue and be sued independently of the state.[17] Accordingly, Defendant is not entitled to Eleventh Amendment Immunity.

The trial court's and Defendant's assertions that Defendant is not an employer, a labor organization, employment agency, and licensing board under the ADEA and FEHA with respect to examinees of its employment examinations is erroneous. Defendant employs numerous attorneys and is thus an attorney

---

[15] *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir.1988)
[16] BPC § 6008.1 (a).
[17] *Keller v. State Bar of California,* 496 U.S. 1, 2 (1990); BPC § 6001.

"employer" under the ADEA and FEHA. ER-121. Defendant deals with attorney-employers in how they compensate and deal with their attorney employees as a labor organization as defined under the ADEA and FEHA, certifies attorney applicants for licensure as a "licensing board" pursuant to the FEHA, and operates to refer attorney members for employment as an "employment agency" pursuant to the ADEA and FEHA. ER-120. Defendant acts in these capacities all while denying access to employment, membership, licensure, and employment referrals based on the ages of its prospective employees and members, including Plaintiff, in violation of the ADEA and the FEHA.

Defendant's assertion that Plaintiff's complaint fails to set forth a sufficient inference of discrimination is erroneous. Where a complainant demonstrates that a defendant's employment practices disproportionally disfavor or disparately impact a particular protected class (e.g., those of age 40 and above), a sufficient inference is established,[18] and it has clearly been established in this case. ER-114, 127-131. The burden now rests with Defendant to demonstrate that its discriminatory

---

[18] *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Lewis v. City of Chicago*, 130 S. Ct. 2191, 2194 (2010); *Sisemore v. Master Financial, Inc.*, 151 Cal.App.4th 1386, 1419 (2007)

practices are based on "reasonable factors other than age" and are "job related."[19]

This Court should therefore reverse the district court's dismissal of Plaintiff's claims.

## ARGUMENT

### I. This Court reviews motions to dismiss under Rules 12(b)(1) and 12(b)(6) de novo

The existence of subject matter jurisdiction is a question of law reviewed *de novo* by this Court. *See Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1000 (9th Cir. 2021); *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 949 (9th Cir. 2020).

This court reviews *de novo* motions to dismiss under 12(b)(6). *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 981 (9th Cir. 2017).

### II. This Court should reverse the district court's dismissal under Rule 12(b)(1) because the trial court had jurisdiction over Plaintiff's employment discrimination claims.

The district court erroneously dismissed Plaintiff's claims on the faulty basis that Defendant's admissions practices cannot violate federal law absent a formal petition to the Supreme Court of California pertaining to an individual's admission rejection. As this Court has ruled, general practices or rules promulgated by

---

[19] *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84 (2008); Cal. Gov. Code (CGC) § 12944 (a); *Knight v. Hayward Unified School Dist.* (2005) 132 Cal.App.4th 121, 129

Defendant may violate federal law and can thus be challenged in lower federal courts. Because Defendant's general discriminatory rules and practices are themselves violative of the employment rights of an entire protected class of applicants, including Plaintiff, these general rules and practices are directly challengable in federal district court.

> A. Lower federal courts have jurisdiction over general challenges to Defendant's admissions rules that violate federal law.

> 1. There is no requirement to petition the Supreme Court of California in order to challenge Defendant's general unlawful practices in lower federal courts.

Contrary to the district court's analysis, this Court ruled in *Craig* that general rules or practices promulgated by Defendant may be directly challenged in lower federal courts. This Court set forth how one may challenge an individual admission decision by Defendant by petitioning the Supreme Court of California, a petition which only the U.S. Supreme Court may further review, or may challenge the general rules for admission in lower federal courts. *Craig* at 1354. Thus, assuming the district court's erroneous assertion that all challenges must be made by way of a petition to the State Supreme Court, it would follow that no challenges to Defendant's admission practices could ever be reviewed by lower federal courts, thereby contradicting this Court's decision in *Craig*.

The trial court's erroneous ruling relies on the inapplicable circumstances of

*Gianni*, which concerned an appeal of an individual petition decision denying an individual applicant's request to reverse an admission rejection, and misinterprets the portions of *Craig* and *Feldman* regarding "general attacks" on the rules and practices that Defendant "promulgates." Utilizing their unlawful employment Examinations, Defendant and their supervisor Supreme Court of California unlawfully make hiring and firing decisions for themselves and their fellow attorney-employers based on age, in violation of the ADEA and the FEHA.

Furthermore, the California State Constitution excludes the Supreme Court of California from original jurisdiction over employment discrimination claims,[20] while the laws under which petitions may be made make no reference whatsoever to claims of employment discrimination.[21] Thus, the Supreme Court of California had and has no original jurisdiction to hear Plaintiff's claims of employment discrimination.

Plaintiff's present complaint is made directly under the ADEA and FEHA, which dictate that Defendant's practices constitute unlawful discrimination, and is not a petition to Defendant or to the State Supreme Court to reverse Defendant's individual decision to deny him admission. Plaintiff's claims are a plea for an end

---

[20] California State Constitution, Article VI § 10; ER-28.
[21] The "petition" rules under BPC § 6066, which are repeatedly raised by the trial court and Defendant, make no reference to employment discrimination claims.

to Defendant's egregious and unlawful discriminatory practices impacting him and thousands of other protected employment candidates. Plaintiff does not purport to know whether he would have passed a lawfully administered employment examination from Defendant and their supervisor Supreme Court of California. Plaintiff's suit is a direct challenge in "lower federal court," pursuant to the latter option in *Craig*, to Defendant's rules and practices that directly violate Plaintiff's and other protected applicants' rights to an "equal opportunity" to access employment under the ADEA and the FEHA. Thus, the district court's ruling that an applicant is required to petition an individual bar application decision to the State Supreme Court, only after directly subjecting herself to one of Defendant's discriminatory Examinations and their irreparably damaging impact, is erroneous and should be reversed.

> B. The trial court erroneously failed to consider the State Supreme Court's rejection of Plaintiff's claims.

The trial court compounded its erroneous ruling that Defendant's violations of employment law were not "deprivations" when it disregarded the State Supreme Court's rejection of Plaintiff's claims in its Position Statement submitted to the EEOC. ER-11-12. This Court ruled in *Chaney* that where the State Supreme Court expressly or impliedly rejects an applicant's challenge to Defendant's

admissions decisions, that rejection effects a "deprivation."[22] Similarly under California law, as Plaintiff pointed out to the district court in his Opposition, where an oversight entity makes known its rejection of an individual's complaint, there is no further requirement for an administrative review of that complaint by that entity.[23]

In its Position Statement submitted to the EEOC, the State Supreme Court expressly rejected Plaintiff's claims of employment discrimination against both themselves and Defendant. ER-68-72. Thus, pursuant to U.S. Supreme Court precedent and California law, there was no requirement for Plaintiff to petition the State Supreme Court before a federal court had jurisdiction over Plaintiff's claims. The trial court's ruling to the contrary and refusal to consider the State Supreme Court's Position Statement, should this Court even find that further consideration in view of a "general attack" is even necessary, should thus be reversed.

C. Defendant State Bar is not entitled to Eleventh Amendment Immunity

1. The most "salient" of factors in assessing Eleventh Amendment

---

[22] "Only if the Court **expressly or impliedly** approves the Committee's refusal to certify so as to make this the basis or allow it to have the effect of a denial of admission can the Committee's actions of examination and refusal to certify come to be a fixative status and have the stature of a deprivation" (emphasis added). *Chaney* at 966.

[23] *Farahani v. San Diego Community College Dist.* (2009) 175 Cal.App.4th 1486, 1497; ER-30.

Immunity weighs against immunity for Defendant.

This Court ruled in *Crowe* and *Mitchell*, following Supreme Court precedent, that the most "salient" of factors in assessing an agency's entitlement to Eleventh Amendment Immunity under the U.S. Constitution is the susceptibility of a state's treasury to the debts and liabilities of the agency.[24]  In an action related to this case under tort and contract law, Defendant asserted that they were a "public corporation, not the State" for purposes of money damage claims made against them.  ER-58.  That is, Defendant admits that the state of California's treasury is not liable for Defendant's debts.  As the U.S. Supreme Court has recognized, Defendant is funded by its members' dues and is further funded by applicant admissions and examination fees, not by the State's treasury.[25]  Defendant is thus not entitled to Eleventh Amendment immunity based on the most "salient" of factors acknowledged by this Court in *Crowe* and *Mitchell* following the U.S. Supreme Court in *Hess*.

> 2.  Every other factor used in establishing Eleventh Amendment Immunity weighs against immunity for Defendant.

In addition to the most salient of factors, every other factor established by

---

[24] *Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021) following *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir.1988) and *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994).
[25] *Keller v. State Bar of California,* 496 U.S. 1, 2 (1990); ER-116.

this Court fortifies Defendant's absence of entitlement to Eleventh Amendment immunity. This Court established a five-factor test for determining eligibility to Eleventh Amendment immunity in *Mitchell*, all of which, including the most "salient" factor discussed above, demonstrate that Defendant is not entitled to Eleventh Amendment immunity.

> a. Defendant's "advisory" role in admissions is not a "central government function."

The second factor weighed in establishing Eleventh Amendment immunity is whether an agency performs a "central government function" of a state or, in contrast, is limited to an "advisory" role delegated to it on behalf of the state. *Crowe* at 732. As this Court and the U.S. Supreme Court have recognized, Defendant operates in an "advisory capacity" to the State in admitting applicants for the practice of law in California.[26] In *Crowe*, this Court directly compared the State Bar of Oregon's (OSB) advisory role in attorney admissions to Defendant's advisory role with respect to the Supreme Court of California, determining that the OSB's and Defendant's advisory roles are not a "central government function" and weigh against granting Eleventh Amendment immunity. *Crowe* at 732. Thus, it is clear that the "central government function" factor weighs against granting Defendant immunity.

---

[26] *Crowe* at 732, citing *Keller* at 11.

> b. Defendant's "power to sue or be sued" apart from the state
> weighs against immunity for Defendant.

The third factor weighed in considering Eleventh Amendment immunity is

whether an agency has the power to sue or be sued independently of a state.

*Crowe* at 733.  As with the OSB, there is no question as to whether Defendant can

independently sue or be sued[27] as it has numerous times in *Keller*, *Craig*, *Chaney*,

and *State Bar of California v. LegalMatch.com*, Cal. Super. Ct., San Francisco, No.

CGC-20-584278 (2000).  Accordingly, Defendant's unquestionable power to

independently sue and be sued apart from the state weighs against granting

Defendant immunity.

> c. Defendant's power to take property in its own name weighs
> against immunity for Defendant.

The fourth factor weighed in establishing Eleventh Amendment immunity is

whether the agency has the power to take property in its own name.  *Crowe* at 733.

Defendant has the power to take property in its own name independently of the

state (BPC § 6001).  Thus, it is clear that this factor weighs against granting

Defendant immunity.

> d. Defendant's corporate status as a "public corporation" and
> "not the State" weighs against immunity for Defendant.

---

[27] California Business and Professions Code (BPC) § 6001.

The fifth factor weighed in establishing Eleventh Amendment immunity is an agency's corporate status and treatment under the laws of a state. As Defendant admits, they are treated as a "public corporation" and "not the State." ER-58. Even though the state government of California may appoint members to Defendant's Board of Trustees, this Court made clear that this practice alone, without the state itself directly controlling the agency's operations, is insufficient to favor granting immunity.[28] Thus, Defendant's corporate status and treatment as an agency independent of the state government of California weighs against granting Defendant immunity.

### III.    Plaintiff's claims of age-based employment discrimination against Defendant are fully viable.

The trial court fleetingly and erroneously dismissed the viability of Plaintiff's employment discrimination claims without ultimately ruling on Defendant's motion under Rule 12(b)(6). ER-12. Defendant made its motion on numerous basis including its false assertions that employers can only be liable to their own employees under the ADEA and FEHA and that Defendant cannot be considered a "labor organization," "employment agency," or "licensing board" under the applicable laws.

---

[28] *Crowe* at 733, citing *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1427-1428 (9th Cir. 1991).

A. Defendant State Bar is an Attorney Employer Prohibited from Imposing Discriminatory Employment Examinations on Prospective Attorney Employees.

Defendant's claims that employers are only liable to their own employees under the ADEA and the FEHA is groundless, and on this faulty basis they allege that they cannot be liable to Plaintiff because he was never their employee. ER-105. The U.S. Supreme Court made clear that employers who discriminate against potential employees utilizing discriminatory qualification examinations can violate employment laws based on this "relationship." *Lewis v. City of Chicago*, 130 S. Ct. 2191, 2194 (2010).[29]

It has long been established that employers are liable under the ADEA and FEHA for denying "access" to employment or otherwise interfering with the "privileges of employment" of any "individual," including prospective employees and those employed by or seeking employment with other employers.[30] Licensing

_____

[29] Under *Lewis v. City of Chicago*, 130 S. Ct. 2191, 2194 (2010), a disparate impact claim against the city of Chicago was deemed viable under Title VII (which the ADEA mirrors) where examinees, who were not employees of Defendant, were subjected to the city's discriminatory firefighter qualification examinations.
[30] In the seminal case of *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338 (D.C. Cir. 1973), for example, a hospital was found liable under Title VII (which the ADEA mirrors) because it routinely denied access of an individual male nurse, not employed by the hospital, to its premises to perform duties of his employment with female patients; *See also Vernon v. State of California* (2004) 116 Cal.App.4th 114, 126, which held that in "determining liability under the FEHA, we look "`to the degree an entity or person significantly affects access to employment'. . . .'"; Under 29 U.S.C. § 623 (a) (1) and § 630 (a)-(b), it is unlawful for an employer (or any "agent" of the employer or of a State, on behalf of the employer) "**to fail or refuse to hire** or to discharge **any individual or otherwise discriminate against any individual with respect to his** compensation, terms, **conditions, or privileges of employment, because of such individual's age**" (emphasis added). Similarly,

boards, boards of education, police departments, fire departments, and other public employers involving important public safety concerns and licensing or "police powers" have all been found liable for implementing discriminatory licensing/employment examinations against "individuals," whether or not the individuals were employed by those defendants.[31] Defendant cites a motley of decisions holding that particular bar organizations and other licensing authorities were not liable under the ADEA. ER-105-106. However, the common denominator in these cases is that the defendants were never shown to be "employers" in the profession of their licensees and were therefore not found to be liable under the ADEA as employers.[32] In *Tyler v. Vickery*, 517 F.2d 1089, 1096 (5th Cir. 1975), for example, the court distinguished the Georgia State Board of Bar Examiners from other government agencies including fire and police departments which directly employ those they test, like the Defendant State Bar, and thus have fallen under the jurisdiction of Title VII (upon which the ADEA is mirrored). Defendant State Bar is clearly an employer of attorneys and is therefore

---

§ 12940 of the FEHA prohibits "an employer, because of the race, religious creed,…,[or] age,…of any person **to refuse to hire or employ the person** or to refuse to select the person for a training program leading to employment, **or to bar** or to discharge **the person from employment**…**or to discriminate against the person in** compensation or in terms, **conditions, or privileges of employment**." (emphasis added).

[31] See, e.g., *Smith v. City of Boston*, 267 F. Supp. 3d 325 (2017); *Gulino v. Board of Education*, 113 F. Supp. 3d 663 (S.D.N.Y. 2015); *Boston Chapter, NAACP, Inc. v. Beecher*, 371 F. Supp. 507 (D. Mass. 1974); *Puntolillo v. New Hampshire Racing Commission*, 390 F. Supp. 231 (D.N.H. 1975).

[32] In *Haddock v. Board of Dental Examiners* 777 F.2d 462 (9th Cir. 1985), *Camacho v. Puerto Rico Ports Authority 369 F.3d 570 (2004), Woodward v. Virginia Bd. Of Bar Examiners,* 598 F.2d 1345 (4th Cir. 1979) and *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975), the defendants were not established as employers of those they licensed (e.g., dentists, river boat pilots, attorneys, etc..).

liable for discriminating against prospective attorneys who might have otherwise qualified to be Defendant's attorney employees or employees of Defendant's fellow attorney employers.

> B. Defendant State Bar is a labor organization and employment agency as defined under the ADEA and FEHA that is prohibited from discriminating against prospective members and employees on the basis of age.

Based on its organization and conduct, the State Bar operates and is liable as a "labor organization" and "employment agency" that unlawfully discriminates based on age under the ADEA and FEHA. Under the ADEA (and similarly under the FEHA), "the term "labor organization" means a labor organization engaged in an industry affecting commerce, and any agent of such an organization, and includes ***any organization of any kind, any agency***, or employee representation committee, group, ***association***, or plan so engaged ***in which employees participate and which exists for*** the purpose, in whole or ***in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment***" (emphasis added).[33]

Defendant State Bar is a membership organization and an agency for those it has admitted, including law practice employers. Defendant falsely suggested that the State Bar isn't made up of "members" while the law and its own "membership list" state the opposite.[34] The State Bar unquestionably establishes and enforces

---

[33] 29 U.S. Code § 630 (d); *See also* California Government Code § 12926 (h).
[34] ER-99. BPC § 6002 (a) states ""**member** of the State Bar" shall be deemed to refer to a licensee of the State Bar" (emphasis added); *see also* State Bar "Membership List," available at https://www.calbar.ca.gov/Attorneys/For-Attorneys/Membership-List

numerous rules for law practices and how they must engage with their members concerning grievances, unethical conduct, billing practices, liability insurance, fee divisions, conflicts of interest, and many other terms of employment.[35]  When called on by those of the public to protect them from the State Bar's unscrupulous members, the State Bar has turned a blind eye and instead chose to protect and satiate their members and executives instead of and at the expense of protecting the public.[36]  Moreover, Defendant State Bar does quite the opposite of "protecting the public" when it imposes egregiously discriminatory employment examinations and deliberately conceals their discriminatory impact.[37]  The State Bar thereby acts as a "labor organization" on behalf of its members pursuant to the ADEA and FEHA.

Defendant State Bar unsuccessfully argued that it was not subject to the laws that govern labor organizations by claiming, as it does here, that it is a "government agency" in operation to serve a public interest.[38]  The Supreme Court of the United States was not compelled by the State Bar's argument, stating "there is a substantial analogy between the relationship of the Bar and its members and that of unions and their members…The State Bar was created, not to participate in the general government of the State, but to provide specialized professional advice

---

[35] The California State Bar Rules of Professional Conduct (Nov 2018), available at http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct/Current-Rules.

[36] See Harriet Ryan, ***California State Bar, under scrutiny for Tom Girardi scandal, gives director $43,000 raise***, LA Times, Aug 24, 2022, available at https://www.latimes.com/california/story/2022-08-24/troubled-state-bar-gives-top-official-43-000-raise; *see also* Joyce E. Cutler, ***California Bar's Policies Don't Protect Public, Audit Finds***, Bloomberg Law, April 14, 2022, available at https://news.bloomberglaw.com/legal-ethics/california-bars-weak-policies-dont-protect-public-audit-finds

[37] Compl. ¶¶ 17, 18, 20 (ER-115).

[38] See *Keller* at 2.

29

to those with the ultimate responsibility of governing the legal profession."[39]  The U.S. Supreme Court did not permit the State Bar to acquit itself of labor violations against those outside of its employment by claiming to be a "government agency." Defendant State Bar, acting as a "labor organization," violated the ADEA on the basis that it acted "to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age" and to "cause or attempt to cause an employer to discriminate against an individual in violation of this section" pursuant to 29 U.S. Code § 623 (c).

The term "employment agency" under the ADEA (and similarly under the FEHA) means "any person regularly undertaking with or without compensation to procure employees for an employer and includes an agent of such a person; but shall not include an agency of the United States."[40]  Defendant State Bar operates a "referral service" that controls who may refer their members to potential employers[41] and thereby regularly engages in an "undertaking with or without compensation to procure employees for an employer" and thus acts as an "employment agency" under the ADEA and similarly under the FEHA.  The State Bar thus violates 29 U.S. Code § 623 (c) on that basis that it does "fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age."

Further, while imposing discriminatory employment examinations on the

---

[39] *Id*.

[40] 29 U.S. Code § 630 (c); *See also* California Government Code § 12926 (e).

[41] *See* State Bar "Certified Lawyer Referral Services Directory," available at https://www.calbar.ca.gov/Public/Need-Legal-Help/Using-a-Certified-Lawyer-Referral-Service/Certified-Lawyer-Referral-Services-Directory

vast number of applicants, including Plaintiff, the State Bar arbitrarily limited examination waivers during the pandemic to only the most recent graduates of law schools, who are most typically inexperienced and of younger ages, and further required them to be employed by the State Bar's current members.[42]  The State Bar's discriminatory practices procure a steady stream of younger, inexperienced and recent law school graduates for their employer members, permitting them to pay these employees substantially less and otherwise stifle competition with older, more experienced attorneys from other jurisdictions.

> C.    Defendant State Bar is a "licensing board" as defined under the FEHA that is prohibited from establishing discriminatory licensing examinations.

Defendant makes the extraordinary and uncredible claim that the California state legislature drafted the legislative code to specially immunize Defendant State Bar, apart from other all other employers and licensing authorities, from any liability under any state employment discrimination laws.  ER-108.  Defendants cite *Kohn v. State Bar of Cal.* (N.D. Cal. 2020) 497 F. Supp 3d 526, 538, which contends that, on the basis of Cal. Bus. & Prof. Code § 6001, the State Bar is not subject to any laws under "Division 3," including the FEHA.  § 6001 states that "no law of this state restricting, or prescribing a mode of procedure for the exercise of powers of state public bodies or state agencies,…contained in Division 3 (commencing with Section 11000)…shall be applicable to the State Bar, unless the Legislature expressly so declares."  Plaintiff submits that employment

---

[42] *See* State Bar's "Application for Provisional Licensure," available at https://www.calbar.ca.gov/Admissions/Special-Admissions/Provisionally-Licensed-Lawyers

discrimination cannot reasonably be construed as a government "procedure" within the meaning of § 6001. Following the *Kohn* court's interpretation would mean that, under California law, Defendant State Bar could hire and fire anyone solely on the basis of their gender, race, age, or any of the other protected classifications. This is clearly not what the legislature intended as a governing "procedure" for public bodies or agencies and the *Kohn* court provides no basis for such a radical interpretation that would give license to Defendant State Bar to violate California's employment laws, among many other state laws. For example, if adopting the *Kohn* court's interpretation, the State Bar would also not be subject to California's taxing authority (§ 15570) or to the state's attorney general's office (§ § 12500 – 12661). This court should not follow along with this clearly flawed interpretation. Further, this provision of the BPC does not apply to the ADEA or any federal laws.

Defendant further suggests this Court should adopt its self-serving, unprecedented, and narrow interpretation of § 12944 of the FEHA as not applying to Defendant. § 12944 makes it unlawful for licensing boards and other similar authorities to establish licensing examinations that discriminate against examinees on the basis of age and other protected classifications. § 12944 (f) states:

> ""licensing board" means ***any*** state board, agency, ***or*** authority in the Business, Consumer Services, and Housing Agency that has the authority to grant licenses or certificates which are prerequisites to employment eligibility or professional status" (emphasis added).

Defendant is clearly an agency and state board with such power "to grant licenses or certificates which are prerequisites to employment eligibility or professional status." Based on any reasonable reading of § 12944 and, in context, this provision applies to any state board, or agency, *or* to any authority in the Business, Consumer Services, and Housing Agency (BCHA), that has the authority to grant licenses or certificates required for employment eligibility. Defendants

32

have misleadingly attempted to suggest that § 12944 only applies to professions regulated by the BCHA.  ER-108.  However, this narrow interpretation is entirely at odds with the intent of the California Legislature in enacting FEHA.  Indeed, the California Fair Employment and Housing Council makes the case that Defendants' narrow interpretation is unfounded, stating:

> "First, by declaring it the public policy of the state to protect the right to be free from discrimination on enumerated bases, and declaring the rights protected by FEHA to be "civil rights," the Legislature has made it clear that the Act's provisions must be broadly interpreted. (See, Gov. Code §§ 12920 and 12921). Taking up this call, courts have consistently held that FEHA must be "liberally construed." (See, e.g., *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143, 1157-1158; *Bagatti v. Dept. of Rehabilitation* (2002) 97 Cal.App.4th 344, 367-368; *State Personnel Board v. Fair Employment and Housing Commission* (1985) 39 Cal.3d 422.) As one court put it, the Legislature intended FEHA "to amplify" the rights of victims of discrimination. (*Rojo v. Kliger* (1990) 52 Cal.3d 65, 75.)."[43]

§ 12920 states, in particular, that it is the "public policy of this state that it is necessary to protect and safeguard the right and opportunity ***of all persons*** to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color,…, or age…" (emphasis added), and not just those persons seeking employment in professions governed under the BCHA.  Moreover, Defendant cannot cite any authority that adopts its self-serving narrow interpretation.  The only reasonable and rational interpretation of § 12944 is that it applies to any state board, to any agency, ***or*** to any authority in the BCHA, in

---

[43] "Employment Regulations Regarding Definitions," Fair Employment and Housing Council (2018), available at https://www.dfeh.ca.gov/wp-content/uploads/sites/32/2018/07/InitStmtofReason-HDPCT.pdf

which any of these entities have the authority to grant professional licenses or
certification for licensure, including Defendant.

>    D. Plaintiff has Established the requisite inference Employment
>       Discrimination

Defendant wrongly asserts that the clear-cut disparate impact of its
examinations does not establish the requisite inference of age discrimination. For
establishing the necessary inference, a plaintiff can show that a disproportionate
number of members of his protected class (ages of 40 or more) were denied access
to employment compared to those outside of his class or, in other words, to
statistically establish a "disparate impact."[44] The burden then shifts to the
employer to demonstrate that the discriminatory impact of its examinations are
"job related" or based on "reasonable factors other than age."[45] Plaintiff has
clearly demonstrated that examination scoring methods for Defendant's examinees
resulted in a disparate impact (e.g., overwhelmingly lower pass rates) for those in
Plaintiff's protected class compared to those in younger age categories. ER-114,
127-131. Defendant never denies this fact, because they cannot. Moreover,
Plaintiff has demonstrated that there is a strong negative correlation between
Defendant's examination pass rates and the increasing ages of examinees and their
likely legal experience, to the point where those approaching age 50 and over have
little to no chance of passing, further strongly inferring a case of unlawful age

---

[44] *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Lewis v. City of Chicago*, 130
S. Ct. 2191, 2194 (2010); *Sisemore v. Master Financial, Inc.*, 151 Cal.App.4th
1386, 1419 (2007)
[45] *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84 (2008); Cal. Gov.
Code (CGC) § 12944 (a); *Knight v. Hayward Unified School Dist.* 132 Cal.App.4th
121, 129 (2005).

discrimination. *Id*. What is not plausible is a credible justification from Defendant for why this progressive disparate impact is based on reasonable factors other than age and is otherwise job related.

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's ruling granting dismissal of Plaintiff's claims under Rule 12(b)(1). This Court should further rule that Plaintiff's claims cannot be dismissed pursuant to Defendant's motion under Rule 12(b)(6).

Date: February 26, 2023

Respectfully Submitted,

  *s/*Matthew Flinders
Matthew Flinders

*Plaintiff/Appellant Pro Se*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** _____22-17014_____

The undersigned attorney or self-represented party states the following:

[X] I am unaware of any related cases currently pending in this court.

[ ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** _____s/Matthew Flinders_____ **Date** _February 26, 2023_____

36

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  22-17014

I am the attorney or self-represented party.

**This brief contains**  8,900  **words,** including  0  words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.

☐ a party or parties are filing a single brief in response to multiple briefs.

☐ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated [            ].

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**  /Matthew Flinders    **Date**  February 26, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                                 *Rev. 12/01/22*

**No.** 22-17014

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

Matthew Flinders,

*Plaintiff-Appellant*,

v.

State Bar of California,

*Defendant-Appellee*.

---

On Appeal from the United States District Court for the Northern
District of California Case No. 22-cv-04072-VKD,
Hon. Virginia K. Demarchi, presiding

---

## APPELLANT'S ADDENDUM

---

Matthew Flinders
1267 Lakeside Dr., 3077
Sunnyvale, CA 94085
617-699-3068

*Plaintiff Pro Se*

# TABLE OF CONTENTS

Federal Rules of Civil Procedure 12(b) ...................................................40

29 U.S. Code § 623  Prohibition of age discrimination...........................40

29 U.S. Code § 630  Definitions ...............................................................41

Cal. Gov't Code § 12940 ..........................................................................43

Cal. Gov't Code § 12926 ..........................................................................45

Cal. Gov't Code § 12944 ..........................................................................46

U.S. Constitution, amend XI.....................................................................48

Cal. Bus. & Prof. Code § 6001 ................................................................48

Cal. Bus. & Prof. Code § 6066 ................................................................49

California Constitution, Article VI § 10 ...................................................50

**Federal Rules of Civil Procedure 12(b)**

…

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

…

(6) failure to state a claim upon which relief can be granted;

…

**29 U.S. Code § 623 – Prohibition of age discrimination**

(a) Employer practices-

It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(b) Employment agency practices

It shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

40

(c) Labor organization practices

It shall be unlawful for a labor organization—

    (1) to exclude or to expel from its membership, or otherwise to discriminate

against, any individual because of his age;

    (2) to limit, segregate, or classify its membership, or to classify or fail or

refuse to refer for employment any individual, in any way which would deprive or

tend to deprive any individual of employment opportunities, or would limit such

employment opportunities or otherwise adversely affect his status as an employee

or as an applicant for employment, because of such individual's age;

(3) to cause or attempt to cause an employer to discriminate against an individual

in violation of this section.

    …

## 29 U.S. Code § 630 – Definitions

For the purposes of this chapter—

(a) The term "person" means one or more individuals, partnerships, associations,

labor organizations, corporations, business trusts, legal representatives, or any

organized groups of persons.

(b) The term "employer" means a person engaged in an industry affecting

commerce who has twenty or more employees for each working day in each of

twenty or more calendar weeks in the current or preceding calendar year: Provided,

That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

(c) The term "employment agency" means any person regularly undertaking with or without compensation to procure employees for an employer and includes an agent of such a person; but shall not include an agency of the United States.

(d) The term "labor organization" means a labor organization engaged in an industry affecting commerce, and any agent of such an organization, and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization.

(e) A labor organization shall be deemed to be engaged in an industry affecting commerce if (1) it maintains or operates a hiring hall or hiring office which

42

procures employees for an employer or procures for employees opportunities to work for an employer,

    …

**Cal. Gov't Code § 12940**

It is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:

(a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, reproductive health decisionmaking, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

    …

(b) For a labor organization, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age,

sexual orientation, reproductive health decisionmaking, or veteran or military status of any person, to exclude, expel, or restrict from its membership the person, or to provide only second-class or segregated membership or to discriminate against any person because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decisionmaking, or veteran or military status of the person in the election of officers of the labor organization or in the selection of the labor organization's staff or to discriminate in any way against any of its members or against any employer or against any person employed by an employer.

   …

(d) For any employer or employment agency to print or circulate or cause to be printed or circulated any publication, or to make any nonjob-related inquiry of an employee or applicant, either verbal or through use of an application form, that expresses, directly or indirectly, any limitation, specification, or discrimination as to race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decisionmaking, or veteran or military status, or any intent to make any such

44

limitation, specification, or discrimination. This part does not prohibit an employer or employment agency from inquiring into the age of an applicant, or from specifying age limitations, if the law compels or provides for that action.

**Cal. Gov't Code § 12926**

As used in this part in connection with unlawful practices, unless a different meaning clearly appears from the context:

…

(b) "Age" refers to the chronological age of any individual who has reached a 40th birthday.

…

(d) "Employer" includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities,

…

(e) "Employment agency" includes any person undertaking for compensation to procure employees or opportunities to work.

…

(h) "Labor organization" includes any organization that exists and is constituted for the purpose, in whole or in part, of collective bargaining or of dealing with

employers concerning grievances, terms or conditions of employment, or of other mutual aid or protection.

**Cal. Gov't Code § 12944**

(a) It shall be unlawful for a licensing board to require any examination or establish any other qualification for licensing that has an adverse impact on any class by virtue of its race, creed, color, national origin or ancestry, sex, gender, gender identity, gender expression, age, medical condition, genetic information, physical disability, mental disability, reproductive health decisionmaking, or sexual orientation, unless the practice can be demonstrated to be job related.

Where the council, after hearing, determines that an examination is unlawful under this subdivision, the licensing board may continue to use and rely on the examination until such time as judicial review by the superior court of the determination is exhausted.

If an examination or other qualification for licensing is determined to be unlawful under this section, that determination shall not void, limit, repeal, or otherwise affect any right, privilege, status, or responsibility previously conferred upon any person by the examination or by a license issued in reliance on the examination or qualification.

46

…

(c) It shall be unlawful for any licensing board, unless specifically acting in accordance with federal equal employment opportunity guidelines or regulations approved by the council, to print or circulate or cause to be printed or circulated any publication, or to make any non-job-related inquiry, either verbal or through use of an application form, which expresses, directly or indirectly, any limitation, specification, or discrimination as to race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, sex, gender, gender identity, gender expression, age, reproductive health decisionmaking, or sexual orientation or any intent to make any such limitation, specification, or discrimination. Nothing in this subdivision shall prohibit any licensing board from making, in connection with prospective licensure or certification, an inquiry as to, or a request for information regarding, the physical fitness of applicants if that inquiry or request for information is directly related and pertinent to the license or the licensed position the applicant is applying for. Nothing in this subdivision shall prohibit any licensing board, in connection with prospective examinations, licensure, or certification, from inviting individuals with physical or mental disabilities to request reasonable accommodations or from making inquiries related to reasonable accommodations.

…

47

(f) As used in this section, "licensing board" means any state board, agency, or authority in the Business, Consumer Services, and Housing Agency that has the authority to grant licenses or certificates which are prerequisites to employment eligibility or professional status.

**U.S. Constitution, amend XI.**

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

**Cal. Bus. & Prof. Code § 6001**

The State Bar of California is a public corporation. It is hereinafter designated as the State Bar.

The State Bar has perpetual succession and a seal and it may sue and be sued. It may, for the purpose of carrying into effect and promoting its objectives:

(a) Make contracts.

(b) Borrow money, contract debts, issue bonds, notes, and debentures, and secure the payment or performance of its obligations.

(c) Own, hold, use, manage, and deal in and with real and personal property.

(d) Construct, alter, maintain, and repair buildings and other improvements to real property.

(e) Purchase, lease, obtain options upon, acquire by gift, bequest, devise, or otherwise, any real or personal property or any interest therein.

(f) Sell, lease, exchange, convey, transfer, assign, encumber, pledge, or dispose of any of its real or personal property or any interest therein, including without limitation all or any portion of its income or revenues from license fees paid or payable by licensees.

(g) Do all other acts incidental to the foregoing or necessary or expedient for the administration of its affairs and the attainment of its purposes.

Pursuant to those powers enumerated in subdivisions (a) to (g), inclusive, it is recognized that the State Bar has authority to raise revenue in addition to that provided for in Section 6140 and other statutory provisions. The State Bar is empowered to raise that additional revenue by any lawful means. However, as of March 31, 2018, the State Bar shall not create any foundations or nonprofit corporations.

**Cal. Bus. & Prof. Code § 6066**

Any person refused certification to the Supreme Court for admission to practice may have the action of the board, or of any committee authorized by the board to

make a determination on its behalf, pursuant to the provisions of this chapter,

reviewed by the Supreme Court, in accordance with the procedure prescribed by

the court.

**California Constitution, Article VI § 10**

The Supreme Court, courts of appeal, superior courts, and their judges have

original jurisdiction in habeas corpus proceedings. Those courts also have original

jurisdiction in proceedings for extraordinary relief in the nature of mandamus,

certiorari, and prohibition. The appellate division of the superior court has original

jurisdiction in proceedings for extraordinary relief in the nature of mandamus,

certiorari, and prohibition directed to the superior court in causes subject to its

appellate jurisdiction.

Superior courts have original jurisdiction in all other causes.

   …