**Case No. 22-17014**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

MATTHEW FLINDERS,

*Plaintiff-Appellant,*

v.

STATE BAR OF CALIFORNIA,

*Defendant-Appellee.*

---

On Appeal from the United States District Court
for the Northern District of California
Case No. 22-cv-04072-VKD
Honorable Virginia K. Demarchi, Judge Presiding

---

## APPELLEE'S ANSWERING BRIEF

---

ELLIN DAVTYAN, ESQ., STATE BAR NO. 238608
ROBERT G. RETANA, ESQ., STATE BAR NO. 148677
JEAN KRASILNIKOFF, STATE BAR NO. 280450
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-1639
TELEPHONE: (415) 538-2444
FACSIMILE: (415) 538-2321

*Attorneys for Defendant-Appellee*
The State Bar of California

# TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES ................................................................. iii

I.  INTRODUCTION ........................................................................ 1

II.  STATEMENT OF JURISDICTION .............................................. 3

III.  STATEMENT OF ISSUES PRESENTED FOR REVIEW ............. 4

IV.  ADDENDUM OF STATUTORY AND REGULATORY
AUTHORITIES .......................................................................... 5

V.  STATEMENT OF THE CASE ....................................................... 5

    A.  Flinders's Complaint .............................................................. 5

    B.  Proceedings Below ................................................................. 7

VI.  SUMMARY OF THE ARGUMENT .............................................. 9

VII.  STANDARD OF REVIEW .......................................................... 11

VIII.  ARGUMENT ............................................................................ 13

    A.  The District Court Properly Held That the California
Supreme Court Has Exclusive Jurisdiction Over
Matters Related to Attorney Licensing ................................ 13

        1.  Flinders Cannot Avoid the Requirement That He
Petition the California Supreme Court by
Labeling His Individual Admissions Challenge as
a General Attack on State Bar Processes ..................... 15

        2.  The California Supreme Court's Response to
Flinders's EEOC Charge Does Not Excuse His
Failure to Petition the California Supreme Court
for Review .................................................................... 20

B.    The Dismissal May Also Be Affirmed on Alternative Grounds ........................................................................ 23

    1.    The Eleventh Amendment Bars Flinders's Claims Against the State Bar ............................................ 23

        a)    Binding Circuit Precedent Requires This Court to Apply Eleventh Amendment Immunity to the State Bar of California ............ 24

        b)    The Court's Recent Decision That the Oregon State Bar Is Not an Arm of the State of Oregon Has No Bearing on the State Bar of California's Sovereign Immunity ............................................................ 26

    2.    Flinders Failed to State Any Claims for Relief ........... 28

        a)    Flinders Failed to Plausibly Allege That the State Bar is Subject to the ADEA in Matters of Attorney Licensing .......................................... 28

        b)    Flinders Failed to Plausibly Allege That the State Bar is Subject to FEHA in Matters of Attorney Licensing ............................................... 36

IX.    CONCLUSION .................................................................... 39

STATEMENT OF RELATED CASES .................................................. 41

CERTIFICATE OF COMPLIANCE ...................................................... 42

CIRCUIT RULE 28-2.7 ADDENDUM ............................................... 43

# TABLE OF AUTHORITIES

<u>Page(s)</u>

## Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................ 12

*Barnhart v. New York Life Ins. Co.,*
    141 F.3d 1310 (9th Cir. 1998) ........................................................... 28

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...................................................... 12, 33, 34, 38

*Boston Chapter, NAACP, Inc. v. Beecher,*
    371 F. Supp. 507 (D. Mass. 1974) ..................................................... 31

*Burke v. State Bar of Cal.,*
    2007 WL 39397 (N.D. Cal. Jan. 4, 2007) .......................................... 21

*Burke v. State Bar of Cal.,*
    295 F. App'x 207 (9th Cir. 2008) ....................................................... 21

*Camacho v. Puerto Rico Ports Auth.,*
    369 F.3d 570 (1st Cir. 2004) ............................................................. 29

*Chaney v. State Bar of Cal.,*
    386 F.2d 962 (9th Cir. 1967) ....................................... 2, 13, 14, 21, 22

*Cigna Prop. and Cas. Ins. Co. v. Polaris Pictures Corp.,*
    159 F.3d 412 (9th Cir. 1998) ............................................................. 11

*Craig v. State Bar of Cal.,*
    141 F.3d 1353 (9th Cir. 1998) ....................................... 16, 18, 19, 20

*Crowe v. Oregon State Bar,*
    989 F.3d 714 (9th Cir. 2021) .......................................... 9, 24, 26, 27

iii

*Delacruz v. State Bar of Cal.*,

    2022 WL 796188 (9th Cir. Mar. 15, 2022)...........................................25

*Dist. of Columbia Ct. App. v. Feldman*,

    460 U.S. 462 (9th Cir. 1983) ...................................... 16, 17, 18, 19, 20

*Doğan v. Barak*,

    932 F.3d 888 (9th Cir. 2019)..............................................................11

*Dydzak v. George*,

    2011 U.S. App. LEXIS 26859 (9th Cir. July 7, 2011)........................25

*E.E.O.C. v. Local 350 Plumbers and Pipefitters*,

    842 F. Supp. 417 (D. Nev. 1994)........................................................33

*Eclectic Prop. E., LLC v. Marcus & Millichap Co.*,

    751 F.3d 990 (9th Cir. 2014)..............................................................12

*Ehret v. State of La.*,

    862 F. Supp. 1546 (E.D. La. 1992)....................................................29

*Figueroa v. City of Camden*,

    580 F. Supp. 2d 390 (D.N.J. 2008)....................................................34

*Fitzsimons v. Cal. Emergency Physicians Med. Group*,

    205 Cal. App. 4th 1423 (2012) ..........................................................36

*Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*,

    527 U.S. 627 (1999)...........................................................................23

*Franceschi v. Schwartz*,

    57 F.3d 828 (9th Cir. 1995)................................................................23

*Giannini v. Comm. of Bar Examiners of the State Bar of Cal.*,

    847 F.2d 1434 (9th Cir. 1988)............................................ 2, 13, 14, 21

*Godecke v. Kinetic Concepts, Inc.*,

    937 F.3d 1201 (9th Cir. 2019)............................................................11

*Gulino v. Bd. of Educ.*,

    113 F. Supp. 3d 663 (S.D.N.Y. 2015) ................................................... 31

*Haddock v. Bd. of Dental Examiners of Cal.*,

    777 F.2d 462 (9th Cir. 1985) ............................................................... 29

*Haroonian v. Comm. of Bar Examiners*,

    692 F. App'x 838 (9th Cir. 2017) ........................................................ 25

*Hart v. Massanari*,

    266 F.3d 1155 (9th Cir. 2001) ............................................................ 24

*Hirsh v. Justices of the Supreme Court of Cal.*,

    67 F.3d 708 (9th Cir. 1995) ........................................ 3, 24, 25, 26, 27

*In re Gilead Sci. Sec. Litig.*,

    536 F.3d 1049 (9th Cir. 2008) ............................................................ 12

*In re Rose*,

    22 Cal. 4th 430 (2000) .................................................................... 5, 38

*Joseph v. State Bar of Cal.*,

    564 F. App'x 302 (9th Cir. 2014) ........................................................ 25

*Keller v. State Bar of Cal.*,

    47 Cal. 3d 1152 (1989) ...................................................................... 35

*Keller v. State Bar of Cal.*,

    496 U.S. 1 (1990) ......................................................................... 34, 35

*Khanna v. State Bar of Cal.*,

    308 F. App'x 176 (9th Cir. 2009) ........................................................ 25

*Kimel v. Florida Bd. of Regents*,

    528 U.S. 62 (2000) ............................................................................. 25

*Kinney v. State Bar of Cal.*,

    708 F. App'x 409 (9th Cir. 2017) ........................................................ 25

*Kwan v. SanMedica Int'l,*
    854 F.3d 1088 (9th Cir. 2017)............................................................. 11

*Lewis v. City of Chicago,*
    560 U.S. 205 (2010).................................................................... 29, 30

*Lupert v. Cal. State Bar,*
    761 F.2d 1325 (9th Cir. 1985)....................................... 3, 24, 25, 26, 27

*Margulis v. State Bar of Cal.,*
    845 F.2d 215 (9th Cir. 1988)........................................................ 13, 21

*Miller v. Gammie,*
    335 F.3d 889 (9th Cir. 2003).............................................................. 25

*Mitchell v. L.A. Cmty. Coll. Dist.,*
    861 F.2d 198 (9th Cir. 1988).............................................................. 26

*Nabozny v. NCS Pearson, Inc.,*
    270 F. Supp. 2d 1201 (D. Nev. 2003)................................................. 28

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984)............................................................................. 23

*Puntolillo v. New Hampshire Racing Comm'n,*
    375 F. Supp. 1089 (D.N.H. 1974)....................................................... 31

*Puntolillo v. New Hampshire Racing Comm'n,*
    390 F. Supp. 231 (D.N.H. 1975)......................................................... 31

*Rooker v. Fidelity Trust Co.,*
    263 U.S. 413 (1923)........................................................................... 17

*Safe Air for Everyone v. Meyer,*
    373 F.3d 1035 (9th Cir. 2004)............................................................ 11

*Scott v. Pasadena Unified Sch. Dist.,*
    306 F.3d 646 (9th Cir. 2002)........................................................ 22, 36

*Sibley Mem'l Hosp. v. Wilson*,
  488 F.2d 1338 (D.C. Cir. 1973) ........................................................... 30

*Smith v. City of Boston*,
  267 F. Supp. 3d 325 (D. Mass. 2017) ................................................. 31

*Smith v. State Bar of Cal.*,
  212 Cal. App. 3d 971 (1989) .................................................. 13, 14, 15

*Tanasescu v. State Bar of Cal.*,
  569 F. App'x 502 (9th Cir. 2014) ...................................................... 25

*Tyler v. Vickery*,
  517 F.2d 1089 (5th Cir. 1975) ........................................................... 32

*U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*,
  792 F.3d 1121 (9th Cir. 2015) ........................................................... 11

*Vernon v. State of Cal.*,
  116 Cal. App. 4th 114 (2004) ...................................................... 36, 37

*Woodard v. Virginia Bd. of Bar Examiners*,
  598 F.2d 1345 (4th Cir. 1979) ........................................................... 29

**Statutes**

28 U.S.C. § 1291 ....................................................................................4

28 U.S.C. § 1331 ....................................................................................4

28 U.S.C. § 1343 ....................................................................................4

28 U.S.C. § 1367 ...............................................................................4, 22

29 U.S.C. § 623 ...............................................................................28, 32

29 U.S.C. § 630 ...............................................................28, 32, 33, 34

29 U.S.C. §§ 621–634 ..........................................................1, 8, 28, 32

42 U.S.C. § 1983 ..................................................................................18

Cal. Bus. & Prof. Code § 6001.1 .......................................................34

Cal. Bus. & Prof. Code § 6002 ............................................................ 27, 35

Cal. Bus. & Prof. Code § 6013.1 ......................................................... 26, 35

Cal. Bus. & Prof. Code § 6013.3 ......................................................... 26, 35

Cal. Bus. & Prof. Code § 6013.5 ......................................................... 26, 35

Cal. Bus. & Prof. Code § 6031.5 ............................................................... 35

Cal. Bus. & Prof. Code § 6046 ................................................................... 13

Cal. Bus. & Prof. Code § 6060 ..................................................................... 5

Cal. Bus. & Prof. Code § 6062 ..................................................................... 6

Cal. Bus. & Prof. Code § 6066 ..................................................... 1, 14, 21

Cal. Bus. & Prof. Code § 6076 ................................................................... 27

Cal. Bus. & Prof. Code § 6140 ................................................................... 27

Cal. Bus. & Prof. Code §§ 6000–6243 ........................................................ 5

Cal. Gov. Code § 12926 .............................................................................. 38

Cal. Gov. Code § 12944 ........................................................................ 37, 38

Cal. Gov. Code §§ 12900–12999 ............................................................ 1, 8

Cal. Gov. Code §§ 810–998.3 .................................................................... 25

Or. Rev. Stat., § 9.160(1) ........................................................................... 27

Or. Rev. Stat., § 9.200 ............................................................................... 27

## Other Authorities

Cal. Stats. 2017, ch. 422 (S.B. 36) ............................................................ 35

## Rules

Cal. R. Ct. 9.3 ........................................................................................... 13

Cal. R. Ct. 9.4 ........................................................................................... 13

Cal. R. Ct. 9.5 ..................................................................................... 13, 27

Cal. R. Ct. 9.6 ........................................................................................... 13

Cal. R. Ct. 9.13 ......................................................................................... 14

Fed. R. Civ. P. 12(b)(1) ................................................................ 8, 28

Fed. R. Civ. P. 12(b)(6) ......................................................................... 39

## Constitutional Provisions

Cal. Const., art. VI, § 9 ..................................................................... 5

U.S. Const., amend. XI ................................. 2, 3, 4, 8, 9, 10, 23, 25, 26, 27

# I.   INTRODUCTION

Plaintiff-Appellant Matthew Flinders has taken and failed the California Attorneys' Examination twice. Instead of petitioning the California Supreme Court to challenge the Committee of Bar Examiners' decision not to admit him to the practice of law pursuant to Business & Professions Code section 6066, Flinders instead filed a lawsuit in state court alleging various contract and torts claims against the State Bar of California. Unsuccessful in state court, Flinders then filed age discrimination claims under the Age Discrimination in Employment Act (ADEA) and the California Fair Employment and Housing Act (FEHA) in federal court, notwithstanding the fact that he has never had an employment relationship with the State Bar. The district court properly dismissed his complaint for lack of subject matter jurisdiction because Flinders has not suffered a deprivation of any federally protected right, and thus there is no case or controversy for the court to adjudicate. This Court should affirm.

Under this Court's unequivocal precedent, Appellant cannot bring any federal claims against the State Bar relating to his admission, or lack thereof, to practice law. *See Giannini v. Comm. of Bar Examiners*

*of the State Bar of Cal.*, 847 F.2d 1434, 1435 (9th Cir. 1988); *Chaney v. State Bar of Cal.*, 386 F.2d 962, 964, 966 (9th Cir. 1967). Only the California Supreme Court has authority to grant or deny admission.

In an attempt to circumvent this binding precedent, Flinders attempts to recast his claims as employment-based challenges rather than claims regarding his admission to practice law. However, Mr. Flinders has *never* had an employment relationship with the State Bar; his only relationship with the State Bar is as an applicant for a license to practice law. Because his claims fall within the sole original jurisdiction of the California Supreme Court, and because he failed to petition the California Supreme Court regarding his non-admission, he has suffered no deprivation of federally protected rights, and the district court lacks subject matter jurisdiction. For this reason alone, this Court should affirm.

While the Court need not look further to affirm the judgment, the dismissal is also warranted based on alternative grounds the district court did not expressly reach. The State Bar is not subject to any of Flinders's claims because it is immune from suit in federal court. Flinders contends that the State Bar is not entitled to Eleventh

Amendment immunity, but such an argument cannot be squared with this Court's prior precedent. Since 1985, this Court has consistently held that the Eleventh Amendment prohibits suit against the State Bar. *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327–28 (9th Cir. 1985); *Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam). There is no basis for this Court to depart from its strict application of horizontal stare decisis.

Even if Flinders could overcome—and he cannot—this Court's lack of subject matter jurisdiction, Flinders's claims suffer from additional fatal defects, as he has failed to plausibly state a claim for relief. As noted above, Flinders cannot allege an employment relationship with the State Bar as required for his ADEA and FEHA claims. His assertions that the State Bar is a labor organization, employment agency, and a licensing board under the definitions of the applicable statutes are contrived and lack any factual basis.

The district court's judgment was proper. This Court should affirm.

## II.   STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction over this action

pursuant to 28 U.S.C. §§ 1331 and 1343 because Flinders attempted to state a claim under the ADEA. To the extent the district court had subject matter jurisdiction over Flinders's federal claims, the district court could exercise supplemental jurisdiction over Flinders's FEHA claims pursuant to 28 U.S.C. § 1367 because his FEHA claims were part of the same case or controversy as his federal ADEA claims.

This Court has appellate jurisdiction under 28 U.S.C. § 1291 because this appeal is from a final judgment. The district court entered its Order and Judgment on December 5, 2022. ER-3–15. Plaintiff timely filed a notice of appeal on December 29, 2022. ER-132.

## III. STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether the district court correctly followed settled Circuit law holding that federal courts do not have subject matter jurisdiction to review a decision regarding admission to the practice of law where the plaintiff failed to petition the California Supreme Court, which has plenary authority over admissions matters.

2. Whether the State Bar has sovereign immunity from suit in federal court pursuant to the Eleventh Amendment.

3. Whether Appellant may state a claim for relief under the

ADEA or FEHA where he has never had an employment relationship with the State Bar.

## IV.   ADDENDUM OF STATUTORY AND REGULATORY AUTHORITIES

Pursuant to Circuit Rule 28-2.7, all relevant constitutional provisions, statutes, regulations, and rules appear in the Addendum.

## V.   STATEMENT OF THE CASE

### A.   Flinders's Complaint

On July 12, 2022, Flinders filed a complaint for age discrimination in violation of the ADEA and FEHA against the State Bar of California. ER-111. The State Bar is established by the California Constitution and functions as an administrative arm of the California Supreme Court in matters of attorney admissions, discipline, and regulation. Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code §§ 6000–6243; *see also In re Rose*, 22 Cal. 4th 430, 438 (2000) ("The State Bar is a constitutional entity, placed within the judicial article of the California Constitution, and thus expressly acknowledged as an integral part of the judicial function."). The State Bar administers the California Bar Exam, which applicants must pass to become licensed attorneys in California. Cal. Bus. & Prof. Code § 6060(g).

Flinders is an unsuccessful applicant for admission to practice law in California. ER-115. According to his complaint, Flinders has been licensed to practice law in Massachusetts since 2006. ER-114. Flinders took the Attorneys' Exam in July 2019 and February 2020 and was unsuccessful on both attempts. ER-115. The Attorneys' Exam is available to examinees who are licensed and in good standing in other states for at least four years and consists only of day one (essays and a performance test) of the two-day Bar Exam. *See* Cal. Bus. & Prof. Code § 6062(a)(3); ER-115. (The second day of the Bar Exam consists of the multiple-choice Multistate Bar Exam. *See* ER-115.)

Flinders alleges that he was offered a job with a law firm in 2018 and that Flinders and his future employer "understood" that Flinders would obtain a license to practice law in California. ER-114. Flinders alleges that the law firm he was working for terminated him because he had not received a passing score on the Attorneys' Exam. ER-115. Flinders did not allege, nor could he, that he has ever had an employment relationship with the State Bar. ER-121, 123.

Flinders alleges that the State Bar engaged in a practice of discriminating against examinees who are over 40 years old by

6

administering the Attorneys' Exam. ER-111–112, 114. Flinders asserts that the two Attorneys' Exams he took "arbitrarily and unlawfully evaluated examinees in a manner that closely correlated with examinee age and granted licensure (and employment qualifications in the practice of law) to younger examinees at overwhelmingly higher rates compared to older individuals in protected age categories." ER-114. In support of his allegations, he provided his own statistical analysis regarding the two-day Bar Exam, not the Attorneys' Exam, which purportedly shows that examinees aged 26 to 29 passed the July 2019 and February 2020 Bar Exams at a higher rate than examinees between the ages of 49 and 54. ER-112, 114, 116, 118–119, 128–131.

Flinders does not allege or argue that he challenged the decision not to admit him to practice law by petitioning the California Supreme Court. *See generally* ER-111–131; AOB 20–21.

## B.    Proceedings Below

Appellant Flinders filed his complaint in the U.S. District Court for the Northern District of California on July 12, 2022. ER-111. The complaint sets forth seven causes of action for age discrimination: three causes of action under the federal Age Discrimination in Employment

Act (ADEA), 29 U.S.C. §§ 621–634, and four under the California Fair Employment and Housing Act (FEHA). Cal. Gov. Code §§ 12900–12999. His federal complaint follows his unsuccessful attempt to sue the State Bar in state court for contract and tort claims, which is now pending on appeal. *See* ER-112.

On December 5, 2022, the district court granted the State Bar's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) without leave to amend. ER-4–15. The district court held that because there was no basis for federal relief, the court lacked subject matter jurisdiction. ER-14–15. In so holding, the district court determined that because Flinders failed to petition the California Supreme Court for review of the denial of his admission to practice law, he had not suffered a deprivation of any federally protected right. ER-14. The district court also held that to the extent his complaint presented a general attack on the admissions process, his claims "are based entirely on the same reasons he disputes the denial of his particular application for admission to the Bar." ER-14.

With respect to the State Bar's argument that it was immune from suit under the Eleventh Amendment, the district court

acknowledged this Circuit's precedent, but also noted this Court's decision in *Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021), which held that the Oregon State Bar was not entitled to immunity. The district court ultimately did not make any determination as to Eleventh Amendment immunity. ER-14–15.

The district court did not reach the alternative bases the State Bar raised for dismissal, including that Flinders failed to state a claim. ER-4, 14–15, 109–109.

Because there was no basis for federal relief and the court lacked subject matter jurisdiction, the district held there was no basis for supplemental jurisdiction over Flinders's state-law claims and thus dismissed such claims. ER-14-15.

On December 5, 2022, the district court entered a final judgment in favor of the State Bar, and Flinders appealed. ER-3, 132.

## VI.  SUMMARY OF THE ARGUMENT

Flinders is attempting to state a claim against the State Bar of California for age discrimination after he twice failed the Attorneys' Exam. The district court properly dismissed Plaintiff's complaint for at least three reasons.

First, because Flinders did not petition the California Supreme Court to review the Committee of Bar Examiners' refusal to certify him for admission to practice law due to his failure to pass the Attorneys' Exam, he has no claim of a deprivation under federal law. The district court therefore properly dismissed the complaint for lack of subject matter jurisdiction and entered judgment in the State Bar's favor.

Second, while the district court did not reach the issue of Eleventh Amendment immunity, the judgment can be affirmed because the State Bar has sovereign immunity against Flinders's claims. As this Court has repeatedly held, the State Bar of California is an arm of the state and cannot be sued in federal court pursuant to the Eleventh Amendment. The jurisdictional bar applies regardless of the nature of the relief sought and applies to pendent or supplemental state law claims.

Third, Flinders has not alleged—nor can he—that he has ever had an employment relationship with the State Bar, which bars his claims under the ADEA and FEHA. The State Bar regulates the licensure of California attorneys and, in that capacity, is not a "labor organization,"

an "employment agency," or otherwise subject to age discrimination claims by unsuccessful applicants for admission.

## VII. STANDARD OF REVIEW

This Court reviews motions to dismiss for lack of subject matter jurisdiction de novo. *See Doğan v. Barak*, 932 F.3d 888, 892 (9th Cir. 2019); *U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1126 (9th Cir. 2015). In a facial attack on subject matter jurisdiction, as the State Bar made below, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The district court's decision may be affirmed on any ground supported by the record, even if not relied upon by the district court. *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). "'If the decision below is correct, it must be affirmed, even if the district court relied on the wrong grounds or wrong reasoning.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1213 (9th Cir. 2019) (quoting *Cigna Prop. and Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998)).

A complaint is properly dismissed under Rule 12(b)(6) if it does not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must allege more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The factual allegations must "rise above the speculative level" and do more than "create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citation omitted). In making this determination, a court must "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. This analysis provides a critical gatekeeping function, because claims must be sufficiently plausible so "that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Eclectic Prop. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

# VIII.   ARGUMENT

## A.   The District Court Properly Held That the California Supreme Court Has Exclusive Jurisdiction Over Matters Related to Attorney Licensing

The district court correctly determined that Flinders had no basis for federal relief, and that the court lacked jurisdiction because he failed to request California Supreme Court review of the Committee of Bar Examiners' refusal to certify him for admission. ER-10–14.

The California Supreme Court has "'sole original jurisdiction' over the attorney admissions process." *Smith v. State Bar of Cal.*, 212 Cal. App. 3d 971, 976–78 (1989). "Under California law, only the state supreme court, not the Committee of Bar Examiners, has the authority to grant or deny admission to the bar." *Giannini*, 847 F.2d at 1435 (citing *Chaney*, 386 F.2d at 966; *see also Margulis v. State Bar of Cal.*, 845 F.2d 215, 216 (9th Cir. 1988) (per curiam). Pursuant to the authority delegated to it by the California Supreme Court, the State Bar's Committee of Bar Examiners ("Committee") may examine applicants, administer requirements for admission, and certify those applicants who fulfill the requirements for admission to the California Supreme Court. *See Giannini*, 847 F.2d at 1435; *Chaney*, 386 F.2d at 966; Cal. Bus. & Prof. Code § 6046; Cal. R. Ct. 9.3 -9.6. The Committee's

decision whether to certify an applicant "is legally simply a recommendation to the [California Supreme] Court;" the State Bar has no authority to admit applicants. *Chaney*, 386 F.2d at 966. The Supreme Court has final authority on matters of admission "and its powers in that regard are plenary." *Id*.; *see also Giannini*, 847 F.2d at 1435; *Smith*, 212 Cal. App. 3d at 978 (challenges to the State Bar's admissions fee policies should be by original petition to the California Supreme Court).

If the Committee refuses to certify an applicant for admission, as occurred here, the applicant's sole recourse is to petition the California Supreme Court to review that refusal. Cal. Bus. & Prof. Code § 6066; Cal. R. Ct. 9.13(d). As this Court has held, "[a]n applicant seeking review of a decision by the Committee *must* file a petition for review by the California Supreme Court." *Giannini*, 847 F.2d at 1435 (emphasis added). Flinders failed to plead (because he cannot) that he has petitioned the California Supreme Court. For that reason alone, the judgment should be affirmed because the district court lacks subject matter jurisdiction over Flinders's claims.

Flinders, however, argues that he was not required to petition the

California Supreme Court for review because he purports to raise employment discrimination claims that generally attack State Bar procedures and because the California Supreme Court rejected his claims in responding to his EEOC complaint. *See* AOB at 19–21. Neither argument has merit.

### 1. Flinders Cannot Avoid the Requirement That He Petition the California Supreme Court by Labeling His Individual Admissions Challenge as a General Attack on State Bar Processes

To ostensibly avoid seeking review of his attorney admissions matter in the California Supreme Court, Flinders attempts to characterize the State Bar's refusal to certify him for admission after failing to pass the Attorneys' Exam as "employment discrimination" claims that are general attacks on State Bar practices. ER-111, 120–125; AOB 18–20. This argument is wholly without merit.

As an initial matter, Flinders's claims arise directly from the State Bar's application of the Attorneys' Exam requirement, which is clearly an admissions matter subject to the California Supreme Court's sole original jurisdiction. *See Smith*, 212 Cal. App. 3d at 978. As the district court properly found, Flinders's "complaint concerns his failure to obtain a passing score on the California bar exam and the alleged

manner in which the July 2019 and February 2020 exams that he took were administered and scored" and there are no allegations that he was in an employment relationship with the State Bar. ER-12. Quite simply, Flinders cannot sidestep the requirement that he petition the Supreme Court for review by recasting his individual non-admission to the practice of law as a general attack on the admissions rules.

Relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (9th Cir. 1983), and *Craig v. State Bar of California*, 141 F.3d 1353 (9th Cir. 1998), Flinders contends his purported employment discrimination claims are a general attack on the State Bar admissions process to avoid the jurisdictional bar to having his claims adjudicated in federal court. AOB 18–19. As the district court correctly noted, Appellant's reliance on *Feldman* and *Craig* is unavailing. ER-14

In *Feldman*, the United States Supreme Court acknowledged that an applicant for admission to practice law could challenge a state supreme court's denial of bar admission for a particular applicant, the validity of a state's admissions rules, or both. 460 U.S. at 485. However, the Supreme Court acknowledged that where an applicant seeks review of a state court's decision to deny a particular applicant admission to

practice, the district court lacks jurisdiction over those claims. *Id.* at 482. This is because under the *Rooker-Feldman* doctrine, lower federal courts do not have jurisdiction to review state court judgments, and federal review may be obtained only through a petition for certiorari to the United States Supreme Court. *Id.* at 482; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *Feldman* further explained that a federal district court does have jurisdiction to entertain claims "involv[ing] a general attack on the constitutionality of" a state's admissions rules because those claims "do not require a review of a judicial decision in a particular case." *Feldman,* 460 U.S. at 487.

While recognizing that lower federal courts have jurisdiction over general constitutional attacks on a state's admissions rules, the Supreme Court noted that "a petitioner's failure to raise his constitutional claims in state court does not mean that a United States District Court should have jurisdiction over the claims." *Id.* at 482 n.16. The Supreme Court recognized the significant state interest in regulating the state bar in the context of attorney admissions, and "the desirability of giving the state court the first opportunity to consider a state statute or rule in light of federal constitutional arguments," as

well as the policy interests in allowing a state's highest court to consider challenges to a state bar's admissions process. *Id*. The Supreme Court also explained that where the state supreme court's decision on admission was inextricably intertwined with a general attack on the rules, the district court did not have subject matter jurisdiction. *Id*. at 486–87.

Similarly, in *Craig*, this Court affirmed dismissal for lack of subject matter jurisdiction where an applicant, like Flinders, attempted to assert an individual challenge to his admission to the practice of law. 141 F.3d at 1355. In that case, an applicant to the State Bar of California sought to take an amended oath because he contended the required oath conflicted with his religious beliefs. *Craig*, 141 F.3d at 1353. The Committee, and then, following a petition for review, the Supreme Court, denied his request. *Id*. Thereafter, the applicant filed suit in federal court under 42 U.S.C. § 1983. *Id*. at 1354. In holding that the district court did not have subject matter jurisdiction, this Court explained that the applicant's claims constituted an individual challenge rather than a general challenge to the oath requirement because his claims were specific to his oath requirement and sought

individual relief. *Id*. at 1354–55.

Here, neither *Feldman* nor *Craig* supports Flinders's argument that his so-called employment discrimination claims constitute a general challenge to the Attorneys' Exam or admissions rules, as opposed to a request for review of his individual admission decision. AOB 18–20. Not only are his claims not constitutional challenges to admissions rules as in *Feldman* and *Craig*, but the crux of his complaint is an individualized complaint about his own failure to gain admission to practice law—not a general attack on the admissions rules. Appellant alleges that he took the Attorneys' Exam in July 2019 and February 2020, failed to receive a passing score both times and was subsequently terminated from employment with a law firm. ER-115. He alleges that the State Bar "discriminated against *Plaintiff*" in violation of the ADEA and FEHA by requiring him to pass the Attorneys' Exam, "effectively eliminating *Plaintiff's* access to employment in the practice of law." ER-111, 121 (emphasis added). Much like the applicant in *Craig*, Appellant seeks individualized relief, requesting that the Court enter judgment in *his* favor, declare the State Bar's actions are in violation of *his* rights under the ADEA and FEHA, award *him* back pay, benefits, damages,

fees, and costs, and award *him* other relief as deemed just and proper. ER-125–126.

Plaintiff also asks the Court to "[e]njoin Defendant from engaging in such unlawful employment practices," (ER-125) but, as was true in *Craig*, "this sweeping prayer for relief alone does not convert his distinctly individual claims into a general challenge to the [Attorney's Exam] requirement." *Craig*, 141 F.3d at 1354–55. As the district court correctly explained, "[i]nsofar as Mr. Flinders contends that his complaint presents a general attack on the bar admissions process, any such general claims are based entirely on the same reasons he disputes the denial of his particular application for admission to the California Bar." ER-14. As explained in *Feldman*, where the individual challenge is inextricably intertwined with the general challenge, the district court does not have jurisdiction. 460 U.S. at 486–87. Flinders was therefore required to petition the California Supreme Court for review. He failed to do so, and therefore the district court correctly dismissed his claims.

**2. The California Supreme Court's Response to Flinders's EEOC Charge Does Not Excuse His Failure to Petition the California Supreme Court for Review**

There is no merit to Flinders's contention that the California

Supreme Court rejected his challenge to the State Bar's admission decision when it "expressly rejected [his] claims in its Position Statement submitted to the EEOC." AOB 20. Flinders's argument ignores that Business and Professions Code section 6066, Rule of Court 9.13(d), and this Court's interpretation of section 6066 in *Giannini* requires that any request for review of the Committee's refusal of certification be done by petition to the California Supreme Court, not through another proceeding, let alone a response to an EEOC complaint. *Giannini*, 847 F.2d at 1435; *see also Burke v. State Bar of Cal.,* 295 F. App'x 207, 208 (9th Cir. 2008) (affirming dismissal of plaintiff's ADEA claims against the State Bar for lack of subject-matter jurisdiction where plaintiff failed to petition the California Supreme Court for review).[1]

---

[1] Nor can Flinders argue that any petition would be futile. This Court has expressly rejected such arguments. *Giannini,* 847 F.2d at 1435 ("Not even a claim of futility" excuses the failure to petition the California Supreme Court for review); *Chaney,* 386 F.2d at 967; *Marguilis*, 845 F.2d at 216 ("Due to Marguilis's failure to petition for review, the state has never officially acted on his application and, therefore, has never deprived him of federally protected rights."); *Burke v. State Bar of Cal.*, 2007 WL 39397, at *4 (N.D. Cal. Jan. 4, 2007) (same), *aff'd* 295 F. App'x 207 (9th Cir. 2008) ("Ninth Circuit authority on this issue is clear – an applicant who fails to appeal a

As this Court has explained, "there [is] no basis for any alleged federal right to exist as to the Committee's actions until the California Supreme Court in the exercise of its original power over admissions has allowed these actions to serve as a deprivation." *Chaney*, 386 F.2d at 966. No review happened here because Flinders never petitioned the California Supreme Court. Flinders, therefore, cannot assert that the California Supreme Court expressly or impliedly rejected his claim.

\*　　\*　　\*

Because Flinders never petitioned the California Supreme Court for review, Flinders has no basis for any claim of deprivation under federal law. The district court properly concluded it did not have subject matter jurisdiction over Flinders's federal claims and no basis for exercising supplemental jurisdiction over his state-law claims. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)). This Court should affirm.

---

recommendation of the committee to the California Supreme Court has not been denied any cognizable rights, and therefore there is no case or controversy for a federal court to adjudicate.")

**B.     The Dismissal May Also Be Affirmed on Alternative Grounds**

To affirm the judgment, this Court need not look further than Flinders's failure to petition the California Supreme Court. However, the judgment can also be affirmed on alternative grounds that the district court did not reach in dismissing the case—namely, the State Bar's sovereign immunity and Flinders's failure to plausibly state claims for relief.

**1.     The Eleventh Amendment Bars Flinders's Claims Against the State Bar**

The Eleventh Amendment to the United States Constitution bars suits against a state from being brought in federal court absent a waiver of sovereign immunity. *See Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 634–35 (1999). The Eleventh Amendment's bar extends to "an arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). Eleventh Amendment immunity applies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Binding Ninth Circuit precedent holds that the State Bar is an arm of the State of California for purposes of Eleventh Amendment

immunity. *Hirsh*, 67 F.3d at 715; *Lupert*, 761 F.2d at 1327. While the district court did not expressly reach this issue, Flinders asserts that the State Bar is not entitled to any immunity, relying on this Court's recent holding that the Oregon State Bar lacks immunity in *Crowe*, 989 F.3d at 733. Flinders's argument is misguided. The State Bar of California's immunity is a matter of settled Circuit law, and the State Bar of California operates in a fundamentally different manner than the Oregon State Bar.

> ### a) Binding Circuit Precedent Requires This Court to Apply Eleventh Amendment Immunity to the State Bar of California

This Court follows a strict rule of horizontal stare decisis. "Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court. . . . [A] later three-judge panel considering a case that is controlled by the rule announced in an earlier panel's opinion has no choice but to apply the earlier-adopted rule; it may not any more disregard the earlier panel's opinion than it may disregard a ruling of the Supreme Court." *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001).

Since 1985, this Court has consistently held that the State Bar of California is an arm of the State of California entitled to Eleventh Amendment immunity. *Lupert,* 761 F.2d at 1327; *Hirsh*, 67 F.3d at 715.[2] No subsequent Supreme Court or en banc decision has undermined that authority, and thus, this Court is bound by *Lupert* and *Hirsh. See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).[3]

---

[2] *See Delacruz v. State Bar of Cal.*, 2022 WL 796188, at *1 (9th Cir. Mar. 15, 2022); *Kinney v. State Bar of Cal.*, 708 F. App'x 409, 410 (9th Cir. 2017); *Haroonian v. Comm. of Bar Examiners*, 692 F. App'x 838, 838 (9th Cir. 2017); *Tanasescu v. State Bar of Cal.*, 569 F. App'x 502, 502 (9th Cir. 2014); *Joseph v. State Bar of Cal.*, 564 F. App'x 302, 303 (9th Cir. 2014); *Dydzak v. George*, 2011 U.S. App. LEXIS 26859, at *2 (9th Cir. July 7, 2011); *Khanna v. State Bar of Cal.*, 308 F. App'x 176, 177 (9th Cir. 2009)

[3] Appellant argues that the State Bar of California is "not the State" for purposes of Eleventh Amendment immunity because in the state court proceeding, the State Bar argued in its briefing that it falls under the definition of a "local public entity" rather than "the State" for purposes of the California Government Claims Act. Cal. Gov. Code §§ 810–998.3; AOB 22. The California Government Claims Act and the definitions included therein have no bearing whatsoever on Ninth Circuit precedent holding that the State Bar is an arm of the state for Eleventh Amendment immunity purposes or United States Supreme Court precedent holding that a state's sovereign immunity precludes ADEA suits by private individuals. ER-9–10; *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000).

**b)** **The Court's Recent Decision That the Oregon State Bar Is Not an Arm of the State of Oregon Has No Bearing on the State Bar of California's Sovereign Immunity**

Notwithstanding the binding Circuit law, Flinders argues that the State Bar of California is not entitled to Eleventh Amendment immunity based on the factors discussed in *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988) and recently applied to the Oregon State Bar in *Crowe,* 989 F.3d 714. AOB 21–25. Notably, *Mitchell* was decided six years before *Hirsh*, so it is not an intervening decision that would permit this panel to reconsider *Hirsh*.

Even if this Court were not bound by *Hirsh* and *Lupert*, the State Bar of California is markedly different than the Oregon State Bar, which functions more like a trade association. The Oregon State Bar appoints its own leaders, whereas the State Bar of California's governing Board of Trustees is appointed by top officials of the three branches of state government. *See* Cal. Bus. & Prof. Code §§ 6013.1, 6013.3, 6013.5; *cf. Crowe,* 989 F.3d at 733. The State Bar of California cannot adopt rules on admissions and professional conduct without the approval of the California Supreme Court. Cal. Bus. & Prof. Code

§ 6076; Cal. R. Ct. 9.5; *cf. Crowe*, 989 F.3d at 733 (Oregon State Bar "amends most of its bylaws, and manages its internal affairs"). Oregon attorneys are "members" who "join" their state bar and pay annual "membership" fees, *see Crowe,* 989 F.3d at 720 (citing Or. Rev. Stat., §§ 9.160 (1), 9.200). In contrast, California attorneys are "licensees" who pay "licensing" fees. Cal. Bus. & Prof. Code §§ 6002(a), 6140. These distinctions, among others, demonstrate that the State Bar of California is properly considered an arm of the state. In short, the Oregon State Bar is a fundamentally different entity than the State Bar of California, and even if there were no horizontal stare decisis rule in this Circuit, *Crowe* would provide no basis for this Court to reconsider *Lupert, Hirsh*, and the myriad unpublished decisions that have followed those cases since 1985.

The applicable law is clear and well settled. The State Bar of California is an arm of the State of California, and the Eleventh Amendment prohibits suit against it in federal court. *Hirsh*, 67 F.3d at 715. Therefore, the State Bar's sovereign immunity is an alternative basis for affirming the judgment.

### 2. Flinders Failed to State Any Claims for Relief

Even if Flinders could overcome his failure to petition the California Supreme Court for review or the State Bar's sovereign immunity—and he cannot—the judgment should still be affirmed because Flinders failed to plausibly state any claims for relief. Fed. R. Civ. P. 12(b)(1).

### a) Flinders Failed to Plausibly Allege That the State Bar is Subject to the ADEA in Matters of Attorney Licensing

Flinders brought three claims premised on age discrimination in violation of the ADEA. ER-120–122. The ADEA, however, applies only to the employer-employee relationship. *Barnhart v. New York Life Ins. Co.*, 141 F.3d 1310, 1312 (9th Cir. 1998); *Nabozny v. NCS Pearson, Inc.*, 270 F. Supp. 2d 1201, 1203 (D. Nev. 2003); 29 U.S.C. §§ 623(a), 630(f). Flinders is not, nor ever has been, an employee or prospective employee of the State Bar of California. As such, his claims under the ADEA fail as a matter of law.

Federal courts have rejected similar claims that a licensing and regulatory agency acting in that capacity is an employer under the ADEA. *See Haddock v. Bd. of Dental Examiners of Cal.*, 777 F.2d 462,

463–65 (9th Cir. 1985) (under Title VII, a licensing board is not an "employer," an "employment agency," nor a "labor organization"); *Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570, 578 (1st Cir. 2004) ("the agency does not become an employer of those individuals whom it neither hires, compensates nor supervises day-to-day even though it licenses and regulates them"); *Woodard v. Virginia Bd. of Bar Examiners*, 598 F.2d 1345, 1346 (4th Cir. 1979) (per curiam) (Title VII does not apply to failed bar applicants because the Board of Bar Examiners is neither an "employer," an "employment agency," nor a "labor organization" within the meaning of the Act); *Ehret v. State of La.*, 862 F. Supp. 1546, 1549–52 (E.D. La. 1992) (neither a voluntary association nor a regulatory board for river pilots were employers under the ADEA). Flinders contends that these cases are distinguishable because they were based on the fact that "the defendants in those cases were never shown to be 'employers' in the profession of their licensees." AOB 27. But that is precisely the case here. The State Bar unequivocally is not Flinders's employer.

The case law Flinders cites does not support his position. In *Lewis v. City of Chicago*, 560 U.S. 205 (2010), there was no dispute that an

employment relationship existed between the city and applicants for firefighter positions. In *Lewis*, the city, which was the prospective employer, administered a written examination to firefighter applicants as part of its hiring process. *Id.* at 208. Flinders, however, does not allege (again because he cannot) that he was ever a prospective State Bar employee. His only relationship with the State Bar was as an applicant for a license to practice law, not an applicant for employment. If Flinders had passed the Attorneys' Exam and met all other eligibility requirements, he, like any other applicant, would have been eligible for a license to practice law before the California courts, not a job with the State Bar.

Flinders's reliance on *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338 (D.C. Cir. 1973) is likewise misplaced. In *Sibley*, the court held that a hospital, which did not directly employ the private duty nurse plaintiff but controlled his work premises, and on two occasions blocked his access to his patients on those premises, may be considered an employer for purposes of Title VII of the Civil Rights Act of 1964. *Id.* at 1340, 1342. Unlike the defendant-hospital in *Sibley*, the State Bar does not have a "highly visible nexus with the creation and continuance

of direct employment relationships between third parties" that would allow Flinders to pursue an "interference" theory under the ADEA. *Id.* at 1342. Indeed, every case Flinders cites in support of his position relates to an employment examination or a non-direct employer who controlled access to a specific workplace, not a profession generally.[4]

Without citation to authority, Flinders suggests that because the State Bar is an employer *generally,* it can be subject to ADEA claims by any prospective licensee who fails the bar examination, regardless of whether the prospective licensee has an employment relationship with

---

[4] AOB 27, n.31, citing *Smith v. City of Boston*, 267 F. Supp. 3d 325, 328 (D. Mass. 2017) (promotional exam administered by the employer); *Gulino v. Bd. of Educ.*, 113 F. Supp. 3d 663, 665 (S.D.N.Y. 2015) (City's Board of Education, the employer, required applicants for teaching positions to pass an employment examination to obtain a position in the public school system); *Boston Chapter, NAACP, Inc. v. Beecher*, 371 F. Supp. 507, 509–11 (D. Mass. 1974) (challenge to firefighters employment examination by applicants for employment); *Puntolillo v. New Hampshire Racing Commission*, 390 F. Supp. 231, 232 (D.N.H. 1975) (citing *Puntolillo v. New Hampshire Racing Comm'n*, 375 F. Supp. 1089, 1090–92) (D.N.H. 1974) (regulatory agency and association that conducted harness racing activities were found to be in a relationship with plaintiff where they controlled the employment relationship at a particular location, not a license to race, generally).

the State Bar.[5] AOB 26. This is unsupported by any case law and would unduly open up regulatory agencies like the State Bar to a host of claims by prospective licenses that finds no support in text of the ADEA.

Flinders asserts that the State Bar is liable under the ADEA as an "employment agency" or "labor organization." AOB 28, 30, citing 29 U.S.C. §§ 623(b)–(c) 630(c)–(d). The term "employment agency" is defined by the ADEA to mean "any person regularly undertaking with or without compensation *to procure employees for an employer* and includes an agent of such a person; but shall not include an agency of the United States." 29 U.S.C. § 630(c) (emphasis added). The State Bar does not procure employees for any employer; it licenses attorneys. The only allegation contained in the complaint regarding the State Bar's purported status as an "employment agency" is a recitation of the

---

[5] Appellant seems to suggest that *Tyler v. Vickery*, 517 F.2d 1089, 1096 (5th Cir. 1975) is supportive of his position. ER-27. In fact, the case supports the conclusion that the State Bar is not subject to ADEA where an employment relationship is not established. In *Tyler*, the court acknowledged that Title VII did not apply to the Georgia Board of Bar Examiners because it was not an employer, employment agency, or labor organization with respect to a class of individuals who has taken and failed the bar examination. *Id*. The same is true in this case.

definition of employment agency under the ADEA. ER-113, 122. It contains no factual allegations whatsoever and thus does not plausibly allege that the State Bar is an employment agency. *See Twombly*, 550 U.S. at 555 (plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

In his opening brief, again without citation to any authority, Flinders argues that by operating a referral service, the State Bar is an employment agency under the ADEA. AOB 30. Appellant's argument is factually inaccurate,[6] and is not included in his complaint, but it would not make a difference if it was because he cites no authority for the proposition that operation of a referral service converts the State Bar into an "employment agency" and he does not provide any facts suggesting that the State Bar procures employees for employers. 29 U.S.C. § 630(c); *see, e.g., E.E.O.C. v. Local 350 Plumbers and Pipefitters*, 842 F. Supp. 417, 420–21 (D. Nev. 1994) (union hiring hall was not an

---

[6] The website cited by Appellant advises members of the public how they may access lawyer referral services that are certified by the State Bar. It does not directly refer members of the public to licensed attorneys. AOB 30 n.41.

"employment agency" under the ADEA); *Figueroa v. City of Camden*, 580 F. Supp. 2d 390, 399–400 (D.N.J. 2008) (holding that under Title VII, an agency that participated in "qualifying and testing . . . employees" was not an employment agency.)

Nor is the State Bar a "labor organization," as defined by 29 U.S.C. § 630(d). The State Bar does not exist for the purpose of "dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment. . . ." 29 U.S.C. § 630(d). Instead, its statutorily-established mission is "[p]rotection of the public, which includes support for greater access to and inclusion in the legal system. . . ." Cal. Bus. & Prof. Code § 6001.1. The only allegation contained in the complaint regarding the State Bar's status as a supposed "labor organization" is a recitation of the definition of "labor organization;" the complaint contains no factual allegations in this regard. ER-120. Such allegations are plainly insufficient. *See Twombly*, 550 U.S. at 555.

Flinders's reliance on *Keller v. State Bar of California,* 496 U.S. 1 (1990) is misplaced. In *Keller*, attorneys brought a First Amendment challenge against the State Bar's use of compulsory dues to finance

certain ideological or political activities. *Id.* at 4. As Flinders acknowledges (AOB 29), the Supreme Court analogized the State Bar's activities to that of a labor union for the limited purpose of determining permissible uses of its mandatory membership dues. *Keller*, 496 U.S. at 12–14. Significantly, it did not hold that the State Bar was generally a labor organization. *See id.* Furthermore, the State Bar is now purely a regulatory agency, which was not the case at the time *Keller* was decided.[7]

Finally, contrary to Flinders's assertions (AOB 28–29), the State Bar is not a "membership organization;" it is a regulatory agency that licenses attorneys. Cal. Bus. & Prof. Code § 6002 (referring to "licensees" and providing that "member of the State Bar" refers to a licensee of the State Bar). Moreover, even if the State Bar were a membership organization, that does not conclusively establish that it is

---

[7] At the time *Keller* was decided, the State Bar's structure was fundamentally different than today. *See Keller v. State Bar of Cal.*, 47 Cal. 3d 1152, 1159-61 (1989), *reversed by* 496 U.S. 1 (1990). In 2017, the California Legislature separated the sections that had previously advised the State Bar's governing board on matters including advocacy, and provided that the entirety of the governing board would be appointed by top officials of the three branches of state government. See Cal. Stats. 2017, ch. 422 (S.B. 36); Cal. Bus. & Prof. Code §§ 6013.1, 6013.3, 6013.5, 6031.5.

a labor organization under the ADEA. Nor is there any authority—and Flinders cites none—supporting Flinders's arguments that the State Bar's enforcement of the Rules of Professional Conduct somehow transforms the State Bar into a labor organization subject to age discrimination claims under the ADEA.

### b) Flinders Failed to Plausibly Allege That the State Bar is Subject to FEHA in Matters of Attorney Licensing

Because Flinders's federal claims are subject to dismissal, the district court properly declined to exercise supplemental jurisdiction over Flinders's FEHA claims. ER-14–15. *See Scott*, 306 F.3d at 664. But even if the merits of these claims were to be assessed by this Court, it would support affirming entry of judgment because the FEHA claims suffer from fatal defects and fail as a matter of law.

As with the ADEA, "[t]he fundamental foundation for liability under FEHA is the 'existence of an employment relationship between the one who discriminates against another and that other who finds himself the victim of that discrimination." *Vernon v. State of Cal.*, 116 Cal. App. 4th 114, 123 (2004); *Fitzsimons v. Cal. Emergency Physicians Med. Group*, 205 Cal. App. 4th 1423, 1426–27 (2012) (FEHA prohibits

employment discrimination, not discrimination in other relationships).

Flinders pleads no indicia of an employment relationship with the State

Bar that California courts consider: the State Bar does not pay him a

salary or other employment benefits; it does not provide him with

equipment to do a job; it does not train or direct him in his work; it has

no authority to hire, transfer, promote, discipline, or discharge him in

his work for other employers.[8] *See Vernon*, 116 Cal. App. 4th at 125

(setting forth factors considered in assisting the existence of an

employment relationship). Rather, as described above, the State Bar

administers the requirements for attorney admissions and licensure.

ER-111–112, 114–115, 118–119. Indeed, Appellant admits that he was

in an employment relationship with a San Jose law firm, not the State

Bar. ER-115.

Nor is the State Bar a licensing board under FEHA. California

Government Code section 12944 defines "licensing board" to be "any

state board, agency, or authority in the Business, Consumer Services,

---

[8] The State Bar has authority to discipline licensees for violations of the
Rules of Professional Conduct (Cal. Bus. & Prof. Code §§ 6075, 6078)
but there is no authority establishing that such discipline imposed by a
regulatory agency is contemplated by the factors used to assess an
employment relationship.

and Housing Agency that has the authority to grant licenses or certificates which are prerequisites to employment eligibility or professional status." Cal. Gov. Code § 12944(f). Government Code section 12804(b) specifically defines which agencies are part of the Business, Consumer Services, and Housing Agency, and the State Bar is not included. This is because the Business, Consumer, and Housing Agency is part of the executive branch, while the State Bar is part of the judicial branch. *See In re Rose*, 22 Cal. 4th at 438; Cal. Gov. Code § 12804(b). The plain language of Government Code sections 12944 and 12804 precludes Flinders's FEHA claims.

The State Bar is also not a "labor organization" as defined by FEHA. The State Bar does not exist for the purpose of "collective bargaining or of dealing with employers concerning grievances, terms or conditions of employment, or of other mutual aid or protection." Cal. Gov. Code § 12926(h). Other than reciting the statutory definition of "labor organization," Flinders fails to make any allegations supporting his contention that the State Bar is a labor organization. ER-113, 124. This "formulaic recitation" is insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Finally, although Flinders also alleges that the State Bar is an "employment agency" under the FEHA, he pleads no facts in support of this contention, and dismissal is therefore appropriate under Federal Rule of Civil Procedure 12(b)(6). ER-113, 125.

In sum, each of Flinders's FEHA claims is entirely without merit. Dismissal of these claims can therefore be affirmed on the alternative basis that Flinders failed to state a claim.

## IX. CONCLUSION

The district court properly determined that it lacked subject matter jurisdiction over Flinders's claims because he failed to petition the California Supreme Court to review the Committee's decision not to certify him for admission to the practice of law. This Court should affirm the judgment on that basis or on the alternative grounds that State Bar has sovereign immunity and, in any event, that Flinders failed to plausibly allege any claims for relief.

DATED:  April 27, 2023          Respectfully submitted,

ELLIN DAVTYAN
ROBERT G. RETANA
JEAN KRASILNIKOFF


By:  /s/ *Jean Krasilnikoff*
          JEAN KRASILNIKOFF
Attorneys for Defendant-Appellee
State Bar of California

## STATEMENT OF RELATED CASES

This appeal, like almost all cases involving the State Bar, alleges that the State Bar of California does not have Eleventh Amendment immunity. The State Bar's position is that issue is a settled question of law. *See* Appellee's Brief at 23–27. This issue was recently argued in this Circuit in *Kohn v. State Bar of Cal.*, case no. 20-17316.

DATED:  April 27, 2023

Respectfully submitted,

ELLIN DAVTYAN
ROBERT G. RETANA
JEAN KRASILNIKOFF

By: /s/ *Jean Krasilnikoff*
    JEAN KRASILNIKOFF

Attorneys for Defendant-Appellee
State Bar of California

41

## CERTIFICATE OF COMPLIANCE

I am the attorney or self-represented party.

**This brief contains <u>8,008</u> words,** excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [ ] it is a joint brief submitted by separately represented parties.
  [ ] a party or parties are filing a single brief in response to multiple briefs.
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** _____*/s/ Jean Krasilnikoff*_____ **Date** _April 27, 2023_____

# CIRCUIT RULE 28-2.7 ADDENDUM

Cal. Bus. & Prof. Code § 6066 ................................................................44

U.S. Const., amend. XI .........................................................................44

28 U.S.C. § 1331 ...................................................................................44

28 U.S.C. § 1343(a) ..............................................................................45

28 U.S.C. § 1367(a) ..............................................................................46

28 U.S.C. § 1291 ...................................................................................46

Cal. Const., art. VI, § 9 .........................................................................47

Cal. Bus. & Prof. Code § 6060(g) .........................................................47

Cal. Bus. & Prof. Code § 6062(a)(3) .....................................................48

Cal. Bus. & Prof. Code § 6046 ..............................................................49

Cal. R. Ct. 9.3 .......................................................................................50

Cal. R. Ct. 9.4 .......................................................................................50

Cal. R. Ct. 9.5 .......................................................................................51

Cal. R. Ct. 9.6 .......................................................................................52

Cal. R. Ct. 9.13(d) ................................................................................53

Cal. Bus. & Prof. Code § 6013.1(a) .......................................................54

Cal. Bus. & Prof. Code § 6013.3(a) .......................................................54

Cal. Bus. & Prof. Code § 6013.5 ............................................................54

Cal. Bus. & Prof. Code § 6076 ..............................................................55

Or. Rev. Stat. § 9.160(1) .......................................................................55

Or. Rev. Stat. § 9.200 ...........................................................................55

Cal. Bus. & Prof. Code § 6002 ..............................................................56

Cal. Bus. & Prof. Code § 6140(a) ..........................................................56

29 U.S.C. § 623(a)–(c) ............................................................................57

29 U.S.C. § 630(c)–(d), (f) ......................................................................59

Cal. Bus. & Prof. Code § 6001.1..............................................................60

Cal. Bus. & Prof. Code § 6031.5 .............................................................61

Cal. Bus. & Prof. Code § 6075 ................................................................64

Cal. Bus. & Prof. Code § 6078 ................................................................64

Cal. Gov. Code § 12944(f) ......................................................................65

Cal. Gov. Code § 12804(b) ......................................................................65

Cal. Gov. Code § 12926(h) ......................................................................65

## Cal. Business & Professions Code § 6066

Any person refused certification to the Supreme Court for admission to practice may have the action of the board, or of any committee authorized by the board to make a determination on its behalf, pursuant to the provisions of this chapter, reviewed by the Supreme Court, in accordance with the procedure prescribed by the court.

## United States Constitution, Eleventh Amendment

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

## 28 U.S.C. § 1331

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## 28 U.S.C. § 1343(a)

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

## 28 U.S.C. § 1367(a)

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

## 28 U.S.C. § 1291

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The

jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title [28 USCS §§ 1292(c) and (d) and 1295].

## California Constitution, Article VI, section 9

The State Bar of California is a public corporation. Every person admitted and licensed to practice law in this State is and shall be a member of the State Bar except while holding office as a judge of a court of record.

## Cal. Business & Professions Code § 6060(g)

To be certified to the Supreme Court for admission and a license to practice law, a person who has not been admitted to practice law in a sister state, United States jurisdiction, possession, territory, or dependency or in a foreign country shall:

…

(g) Have passed the general bar examination given by the examining committee.

## __Cal. Business & Professions Code § 6062(a)(3)__

(a) To be certified to the Supreme Court for admission, and a
license to practice law, a person who has been admitted to practice law
in a sister state, United States jurisdiction, possession, territory, or
dependency the United States may hereafter acquire shall:

…

(3) Have passed the general bar examination given by the
examining committee. However, if that person has been an
active licensee in good standing of the bar of the admitting sister
state or United States jurisdiction, possession, or territory for at
least four years immediately preceding the first day of the
examination applied for, he or she may elect to take the Attorneys'
Examination rather than the general bar examination. Attorneys
admitted less than four years and attorneys admitted four years
or more in another jurisdiction but who have not been
active licensees in good standing of their admitting jurisdiction for
at least four years immediately preceding the first day of the
examination applied for must take the general bar examination

administered to general applicants not admitted as attorneys in other jurisdictions.

## Cal. Business & Professions Code § 6046

The board may establish an examining committee having the power:

(a) To examine all applicants for admission to practice law.

(b) To administer the requirements for admission to practice law.

(c) To certify to the Supreme Court for admission those applicants who fulfill the requirements provided in this chapter.

The examining committee shall be comprised of 19 members, 10 of whom shall be licensees of the State Bar or judges of courts of record in this state and nine of whom shall be public members who have never been licensees of the State Bar or admitted to practice before any court in the United States. At least one of the attorney members shall have been admitted to practice law in this state within three years from the date of the member's appointment to the examining committee.

## California Rule of Court, rule 9.3

**(a) Inherent power over admissions**

The Supreme Court has the inherent power to admit persons to practice law in California. The State Bar serves as the administrative arm of the Supreme Court for admissions matters and in that capacity acts under the authority and at the direction of the Supreme Court. The Committee of Bar Examiners, acting under authority delegated to it by the State Bar Board of Trustees, is authorized to administer the requirements for admission to practice law, to examine all applicants for admission, and to certify to the Supreme Court for admission those applicants who fulfill the admission requirements.

**(b) Inherent jurisdiction over practice of law**

Nothing in this chapter may be construed as affecting the power of the Supreme Court to exercise its inherent jurisdiction over the practice of law in this state.

## California Rule of Court, rule 9.4

**(a) Appointments**

The Supreme Court is responsible for appointing ten examiners to the Committee of Bar Examiners, each for a four-year term. At least

one of the ten examiners must be a judicial officer in this state, and the balance must be licensees of the State Bar. At least one of the attorney examiners shall have been admitted to practice law in California within three years from the date of his or her appointment. The court may reappoint an attorney or judicial officer examiner to serve no more than three additional full terms, and may fill any vacancy in the term of any appointed attorney or judicial officer examiner.

**(b) Nominations**

The Supreme Court must make its appointments from a list of candidates nominated by the Board of Trustees of the State Bar pursuant to a procedure approved by the court.

## California Rule of Court, rule 9.5

All State Bar rules adopted by the State Bar Committee of Bar Examiners pertaining to the admission to practice law must be approved by the Board of Trustees and then submitted to the Supreme Court for its review and approval.

# California Rule of Court, rule 9.6

**(a) Bar examination**

The Committee of Bar Examiners, pursuant to the authority delegated to it by the Board of Trustees, is responsible for determining the bar examination's format, scope, topics, content, questions, and grading process, subject to review and approval by the Supreme Court. The Supreme Court must set the passing score of the examination.

**(b) Analysis of validity**

The State Bar must conduct an analysis of the validity of the bar examination at least once every seven years, or whenever directed by the Supreme Court. The State Bar must prepare and submit a report summarizing its findings and recommendations, if any, to the Supreme Court. Any recommendations proposing significant changes to the bar examination, and any recommended change to the passing score, must be submitted to the Supreme Court for its review and approval.

**(c) Report on examination**

The State Bar must provide the Supreme Court a report on each administration of the bar examination in a timely manner.

## **California Rule of Court, rule 9.13(d)**

**(d) Review of other decisions**

A petition to the Supreme Court to review any other decision of the State Bar Court or action of the Board of Trustees of the State Bar, or of any board or committee appointed by it and authorized to make a determination under the provisions of the State Bar Act, or of the chief executive officer of the State Bar or the designee of the chief executive officer authorized to make a determination under article 10 of the State Bar Act or these rules of court, must be served and filed within 60 days after written notice of the action complained of is mailed to the petitioner and to his or her counsel of record, if any, at their respective addresses under Business and Professions Code section 6002.1. Within 15 days after filing of the petition, the State Bar may serve and file an answer and brief. Within 5 days after filing of the answer and brief, the petitioner may serve and file a reply. If review is ordered by the Supreme Court, the State Bar, within 45 days after filing of the order, may serve and file a supplemental brief. Within 15 days after filing of the supplemental brief, the petitioner may serve and file a reply brief.

## **Cal. Business & Professions Code § 6013.1(a)**

(a) The Supreme Court shall appoint five attorney members of the board pursuant to a process that the Supreme Court may prescribe. These attorney members shall serve for a term of four years and may be reappointed by the Supreme Court for one additional term only.

## **Cal. Business & Professions Code § 6013.3(a)**

(a) One attorney member of the board shall be appointed by the Senate Committee on Rules and one attorney member of the board shall be appointed by the Speaker of the Assembly.

## **Cal. Business & Professions Code § 6013.5**

(a) Effective January 1, 2018, a maximum of six members of the board shall be members of the public who have never been licensees of the State Bar or admitted to practice before any court in the United States.

(b) Each of these members shall serve for a term of four years. Vacancies shall be filled for the remainder of the term.

(c) Effective January 1, 2018, one public member shall be appointed by the Senate Committee on Rules and one public member shall be appointed by the Speaker of the Assembly.

(d) Four public members shall be appointed by the Governor, subject to the confirmation of the Senate.

(e) Each respective appointing authority shall fill any vacancy in and make any reappointment to each respective office.

### Cal. Business & Professions Code § 6076

With the approval of the Supreme Court, the Board of Trustees may formulate and enforce rules of professional conduct for all licensees of the State Bar.

### Oregon Revised Statutes, § 9.160

(1) Except as provided in this section, a person may not practice law in this state, or represent that the person is qualified to practice law in this state, unless the person is an active member of the Oregon State Bar.

### Oregon Revised Statutes, § 9.200

(1) Any member in default in payment of membership fees established under ORS 9.191 (1) or any member in default in payment of assessed contributions to a professional liability fund established under ORS 9.080 (2) shall be given written notice of delinquency and a reasonable time to cure the default. The chief executive officer of the

Oregon State Bar shall send the notice of delinquency to the member at the member's electronic mail address on file with the bar on the date of the notice. The chief executive officer shall send the notice by mail to any member who is not required to have an electronic mail address on file with the bar under the rules of procedure. If a member fails to pay the fees or contributions within the time allowed to cure the default as stated in the notice, the member is automatically suspended. The chief executive officer shall provide the names of all members suspended under this section to the State Court Administrator and to each of the judges of the Court of Appeals, circuit and tax courts of the state.

(2) An active member delinquent in the payment of fees or contributions is not entitled to vote.

(3) A member delinquent in the payment of fees or contributions may be assessed a late payment penalty determined by the board of governors.

(4) A member suspended for delinquency under this section may be reinstated only on compliance with the rules of the Supreme Court and the rules of procedure and payment of all required fees or contributions.

## Cal. Business & Professions Code § 6002

(a) The licensees of the State Bar are all persons admitted and licensed to practice law in this state except justices and judges of courts of record during their continuance in office.

(b) As used in this chapter or any other provision of law, "member of the State Bar" shall be deemed to refer to a licensee of the State Bar.

## Cal. Business & Professions Code § 6140(a)

(a) The board shall fix the annual license fee for active licensees for 2023 at a sum not exceeding three hundred ninety dollars ($390), except that if the State Bar has entered into a contract to sell its San Francisco office building by October 31, 2022, the sum shall not exceed three hundred eighty-six dollars ($386).

## 29 U.S.C. § 623(a)–(c)

**(a) Employer practices**

It shall be unlawful for an employer--

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this chapter.

**(b) Employment agency practices**

It shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

**(c) Labor organization practices**

It shall be unlawful for a labor organization--

(1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age;

(2) to limit, segregate, or classify its membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment

59

opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's age;

(3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

## 29 U.S.C. § 630(c)–(d), (f)

For the purposes of this chapter--

(c) The term "employment agency" means any person regularly undertaking with or without compensation to procure employees for an employer and includes an agent of such a person; but shall not include an agency of the United States.

(d) The term "labor organization" means a labor organization engaged in an industry affecting commerce, and any agent of such an organization, and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint

or system board, or joint council so engaged which is subordinate to a national or international labor organization.

. . .

(f) The term "employee" means an individual employed by any employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency, or political subdivision. The term "employee" includes any individual who is a citizen of the United States employed by an employer in a workplace in a foreign country.

## Cal. Business & Professions Code § 6001.1

Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their

licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount.

## Cal. Business & Professions Code § 6031.5

(a) The California Lawyers Association and its activities shall not be funded with mandatory fees collected pursuant to subdivision (a) of Section 6140.

The State Bar may provide the California Lawyers Association with administrative and support services, provided the California Lawyers Association agrees, before such services are provided, to the nature, scope, and cost of those services. The State Bar shall be reimbursed for the full cost of those services out of funds collected pursuant to subdivision (b) or funds provided by the California Lawyers Association. The financial audit specified in Section 6145 shall confirm that the amount assessed by the State Bar for providing the services reimburses the costs of providing them, and shall verify that mandatory fees are not used to fund the California Lawyers Association. The State Bar and the California

Lawyers Association may also contract for other services provided by the State Bar or by the California Lawyers Association.

(b) Notwithstanding any other law, the State Bar shall collect fees for the California Lawyers Association provided the Board of Trustees of the State Bar determines that both of the following conditions are met: (1) the California Lawyers Association continues to comply with the requirements in subdivision (b) of Section 6056, and (2) the California Lawyers Association continues to serve a public purpose by providing the services described in subdivision (g) of Section 6056. The California Lawyers Association shall pay for the actual costs of the collection.

(c)(1) Notwithstanding any other law, the State Bar is expressly authorized to collect, in conjunction with the State Bar's collection of its annual license fees up to and through the collection of fees authorized for the year 2019, voluntary fees or donations on behalf of the Conference of Delegates of California Bar Associations, the independent nonprofit successor entity to the former Conference of Delegates of the State Bar which has been incorporated for the purposes of aiding in matters pertaining to the advancement of the science of jurisprudence

or to the improvement of the administration of justice, and to convey any unexpended voluntary fees or donations previously made to the Conference of Delegates of the State Bar pursuant to this section to the Conference of Delegates of California Bar Associations. The Conference of Delegates of California Bar Associations shall pay for the cost of the collection. The State Bar and the Conference of Delegates of California Bar Associations may also contract for other services. The financial audit specified in Section 6145 shall confirm that the amount of any contract shall fully cover the costs of providing the services, and shall verify that mandatory fees are not used to fund any successor entity.

(2) The Conference of Delegates of California Bar Associations, which is the independent nonprofit successor entity to the former Conference of Delegates of the State Bar as referenced in paragraph (1), is a voluntary association, is not a part of the State Bar of California, and shall not be funded in any way through mandatory fees collected by the State Bar of California. Any contribution or membership option included with a State Bar of California mandatory fees billing statement shall include a statement that the Conference of Delegates of California Bar

Associations is not a part of the State Bar of California and that

membership in that organization is voluntary.

(3) This subdivision shall become inoperative on January 1, 2020.

## **Cal. Business & Professions Code § 6075**

In their relation to the provisions of Article 6,[9] concerning the

disciplinary authority of the courts, the provisions of this article provide

a complete alternative and cumulative method of hearing and

determining accusations against licensees of the State Bar.

## **Cal. Business & Professions Code § 6078**

After a hearing for any of the causes set forth in the laws of the

State of California warranting disbarment, suspension, or other

discipline, the State Bar Court has the power to recommend to the

Supreme Court the disbarment or suspension from practice

of licensees or to discipline them by reproval, public or private, without

such recommendation.

The State Bar Court may pass upon all petitions for

reinstatement.

---

[9] Business & Professions Code § 6100 et seq.

## **Cal. Government Code § 12944(f)**

(f) As used in this section, "licensing board" means any state board, agency, or authority in the Business, Consumer Services, and Housing Agency that has the authority to grant licenses or certificates which are prerequisites to employment eligibility or professional status.

## **Cal. Government Code § 12804(b)**

(b) The Business, Consumer Services, and Housing Agency shall consist of the following: the Department of Consumer Affairs, the Department of Real Estate, the Department of Housing and Community Development, the Civil Rights Department, the Department of Business Oversight, the Department of Alcoholic Beverage Control, the Alcoholic Beverage Control Appeals Board, the California Horse Racing Board, and the Alfred E. Alquist Seismic Safety Commission.

## **Cal. Government Code § 12926(h)**

As used in this part in connection with unlawful practices, unless a different meaning clearly appears from the context:

. . .

(h) "Labor organization" includes any organization that exists and is constituted for the purpose, in whole or in part, of collective

bargaining or of dealing with employers concerning grievances, terms or

conditions of employment, or of other mutual aid or protection.