**No.** 22-17014

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

Matthew Flinders,

*Plaintiff-Appellant*,

v.

State Bar of California,

*Defendant-Appellee.*

_____

On Appeal from the United States District Court for the Northern
District of California Case No. 22-cv-04072-VKD,
Hon. Virginia K. Demarchi, presiding

_____

### APPELLANT'S REPLY BRIEF

_____

Matthew Flinders
1267 Lakeside Dr., 3077
Sunnyvale, CA  94085
617-699-3068

*Plaintiff-Appellant Pro Se*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iv

INTRODUCTION ............................................................................. 1

THE STATE BAR'S ADDITIONS, OMISSIONS, AND
MISCHARACTERIZATIONS OF FACT ........................................... 3

ARGUMENT ................................................................................... 5

I.   PLAINTIFF-APPELLANT'S CHALLENGES TO DEFENDANT'S
     DISCRIMINATORY ADMISSIONS RULES ARE NOT SUBJECT TO
     PETITIONING THE STATE SUPREME COURT ..................................... 5

     A.  This Court and the U.S. Supreme Court have unambiguously held that
         general attacks on the state's admissions rules are directly challengeable
         in lower federal courts. ........................................................... 5

     B.  This Court holds that the State Supreme Court's implicit or explicit
         rejections of an admissions challenge effect a "deprivation" ................ 8

II.  THIS COURT'S BINDING PRECEDENT HOLDS THAT THE
     CURRENT STATE BAR OF CALIFORNIA IS NOT ENTITLED TO
     SOVEREIGN IMMUNITY ........................................................... 10

     A.  Under *Mitchell* and *Crowe*, following the U.S. Supreme Court
         in *Hess*, the State Bar of California has no valid claim to
         sovereign immunity ................................................................ 10

     B.  *Mitchell* and *Hess* are intervening precedent over *Lupert* ............... 11

     C.  The State Bar of 2019-2022 is not the State Bar of 1985 or 1995 ......... 12

III. PLAINTIFF HAS ESTABLISHED THE REQUISITE FACTUAL
     BASIS FOR HIS CLAIMS UNDER THE ADEA AND FEHA ................. 12

A. Defendant employer is prohibited by the ADEA and FEHA from imposing its discriminatory attorney employment Examinations on prospective employees.............................................................. 13

B. Defendant is a labor organization and referral agency liable under the ADEA and FEHA ............................................................... 14

CONCLUSION ................................................................................. 17

CERTIFICATE OF COMPLIANCE ................................................. 19

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assoc. of Mexican-Am. v. State of Calif*
    231 F.3d 572 (9th Cir. 2000). ..................................................................2, 14

*Canatella v. State of California*
    304 F.3d 843 (9th Cir. 2002) ..................................................................2

*Chaney v. State Bar of California*
    386 F.2d 962 (9th Cir. 1967) ..................................................................9

*Craig v. State Bar of California*,
    141 F.3d 1353 (9th Cir. 1998)................................................. passim

*Crowe v. Oregon State Bar*
    989 F.3d 7146 (9th Cir. 2021)................................................. passim

*D.C. Court of Appeals v. Feldman*
    460 U.S. 462, 103 S. Ct. 1303 (1983) ..........................................6

*Giannini v. Comm. of Bar Examiners of State Bar of Cal.*
    847 F.2d 1434 (9th Cir. 1988)..........................................................7

*Gomez v. Alexian Bros. Hosp.*
    698 F.2d 1019 (9th Cir. 1983) ..................................................... 14

*Hess v. Port Auth. Trans-Hudson Corp.*
    513 U.S. 30 (1994)................................................. 3, 10, 11, 12, 17

*Keller v. State Bar of California*
    496 U.S. 1 (1990)................................................................ 15

*Kohn v. State Bar of Cal.*
    497 F. Supp 3d 526 (N.D. Cal. 2020)........................................ 3, 8

*Lewis v. City of Chicago*
    130 S. Ct. 2191 (2010) .................................................... 13

iv

*Lutcher v. Musicians Union Local 47*
    633 F.2d 880 (9th Cir. 1980) .......................................................... 14

*Mitchell v. L.A. Cmty. Coll. Dist.*
    861 F.2d 198 (9th Cir. 1988) ....................................... 3, 10-12, 17

## Constitutional Provisions

United States Constitution, Eleventh Amendment .......................................... passim

## Statutes

Age Discrimination in Employment Act of 1967
  (ADEA)............................................................................................ passim

Cal. Bus. & Prof. Code § 6001 ........................................................ 3, 4

Cal. Bus. & Prof. Code § 6008 .............................................................10

California Fair Employment and Housing Act
  (FEHA) ............................................................................................ passim

Cal. Gov't Code § 911 ...........................................................................4

Cal. Gov't Code § 12926 ......................................................................16

29 U.S. Code § 623 ......................................................................... 1, 14

29 U.S. Code § 630 ...............................................................................16

# INTRODUCTION

The precedent for holding Defendant State Bar of California accountable in federal district court for its egregious and widespread practices of employment discrimination is clear and unambiguous. Defendant is an employer of attorneys that "refuse[s] to hire…any individual or otherwise discriminate[s] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" under 29 U.S. Code § 623 (a) of the ADEA. Defendant cannot evade responsibility by obfuscating its clear role as an attorney employer and "recasting" Plaintiff-Appellant's claims as an individualized licensing decision under an invalid claim of state sovereign immunity.

This Court and the U.S. Supreme Court hold that general challenges to Defendant's rules for admission, rules which the State Supreme Court of California must first approve,[1] are directly challengeable in lower federal courts. A formal and otherwise redundant petition to the State Supreme Court is not a mandatory prerequisite to Plaintiff's challenge to these rules. Indeed, even when a plaintiff seeks review of State Bar rules that merely "threaten" potential harm, this Court held that a direct challenge to these rules within federal district courts, without an

---

[1] Respondent-Appellee's Answering Brief ("RAB") p. 52.

1

individualized admission decision by State Supreme Court, is proper. *See Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002), holding that a challenge to Defendant State Bar's rules as vague and overbroad restraints on First Amendment Rights were properly within the jurisdiction of lower federal courts without a formal petition to the State Supreme Court.

Defendant State Bar, which selects its own and others' attorney employees based on its own employment examinations, clearly satisfies the requisite nexus and "employment relationship" with its prospective attorney applicants and State Bar members pursuant to the ADEA and FEHA. This Court held that an even wider nexus between the State of California, its teacher accreditation examinations, and prospective teachers employed by local school districts established the requisite "employment relationship" under federal employment discrimination laws.[2] The U.S. Supreme court's factual finding that Defendant's relationship with its members is that of a "labor union" fully supports the criteria for Defendant's qualification as a "labor organization" under the ADEA and FEHA.

Defendant's reliance on outdated single-sentence decisions to support its purported sovereign immunity under the Eleventh Amendment does not withstand

---

[2] *Assoc. of Mexican-Am. v. State of Calif*, 231 F.3d 572 (9th Cir. 2000).

basic scrutiny under this Court's intervening holdings in *Mitchell* and *Crowe* and the U.S. Supreme Court's holding in *Hess*.[3]

Because this Appeal and the related Appeal (No. 20-17316) pending in this Court have numerous common issues to be decided, including Defendant's purported sovereign immunity, the purported requirements for petitioning the State Supreme Court, and the alleged immunity of Defendant under California's employment discrimination laws,[4] Plaintiff urges this Court to join/consolidate consideration of these Appeals.

## THE STATE BAR'S ADDITIONS, OMISSIONS, AND MISCHARACTERIZATIONS OF FACT

The only "recasting" and misrepresentation of Plaintiff's claims is that by Defendant. Beginning with Plaintiff's original letter to Defendant and the State Supreme Court, following a California Public Records Act (CPRA) Request, Plaintiff has consistently challenged the broadly discriminatory examination scoring rules and practices by Defendant. ER-116-118. In response to Plaintiff's

---

[3] This Court held in *Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021), following *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994) and its five-factor test in *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir.1988), that the State Bar of Oregon was not entitled to Eleventh Amendment sovereign immunity.

[4] In *Kohn v. State Bar of Cal.* 497 F. Supp 3d 526, 538 (N.D. Cal. 2020), currently under appeal in this Court (No. 22-17014), the district court contends that, on the basis of Cal. Bus. & Prof. Code § 6001, the State Bar is not subject to any laws under "Division 3," including the FEHA. See also AOB p. 31.

3

notice, Defendant and the State Supreme Court did nothing to address their
discriminatory rules and practices. Nothing other than implement a retroactive cut-
score program that exacerbated the discriminatory impact of Defendant's
Examinations in which Plaintiff participated. ER-118. The State Supreme Court
also received notice by way of Defendant's legal duty to report demographic
disparities of its admissions operations.[5] These acts and omissions are just some of
the many implicit and explicit rejections of Plaintiff's claims by the State Supreme
Court.

After filing a charge of discrimination with the Equal Employment
Opportunity Commission (EEOC), Plaintiff was compelled by the state's
accelerated statute of limitations to file any related state tort and contract claims[6]
before the EEOC issued its Notice of Right to Sue that was necessary before
Plaintiff could file the present case.

Defendant misrepresents the scope of the Examination records it provided to
Plaintiff as "regarding the two-day Bar Exam, not the Attorneys' Exam."
Respondent-Appellee's Answering Brief ("RAB") p. 7. Plaintiff's CPRA request
concerned "each exam taker" of the "July 2019 and February 2020 California Bar
Examinations," including Plaintiff. ER-75. Apart from a requirement to construe

---

[5] California Business and Professions Code (BPC) § 6001.3; ER-115.
[6] California Government Code (CGC) § 911.2

4

facts in a light most favorable to Plaintiff under a motion to dismiss, Defendant has provided no evidence whatsoever to support its baseless contention about the Examination Records, despite having had ample opportunities to do so.

Both Defendant and the district court mischaracterize Plaintiff's claims as an individualized dispute over whether Plaintiff is entitled to practice California law. Plaintiff has never claimed he is entitled to a law license and he acknowledges that only the State Supreme Court, not the State Bar, can issue a law license to Plaintiff.

These mischaracterizations do not change the fact that Defendant is liable for employment discrimination by imposing discriminatory qualification examinations on any and all applicants as a precondition to becoming Defendant's attorney employees, members of its labor organization, and the employees of other attorney employers, while directly aiding the State Supreme Court in discriminating against Plaintiff's protected class. The fact that Defendant does not grant licenses further makes Defendant's claim that its members are not actually its members, but its "licensees," all the more inapt.

## ARGUMENT

I. PLAINTIFF-APPELLANT'S CHALLENGES TO DEFENDANT'S DISCRIMINATORY ADMISSIONS RULES ARE NOT SUBJECT TO PETITIONING THE STATE SUPREME COURT

A. This Court and the U.S. Supreme Court have unambiguously held that general attacks on the state's admissions rules are directly challengeable in lower federal courts.

As Plaintiff pointed out in his Opposition to Defendant's motions and his opening brief with this Court, this Court's decision in *Craig v. State Bar* 141 F.3d 1353, 1354 (1998), following the U.S. Supreme Court in *Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 485 (1983), hold that "a general attack on a state's admission rules may be heard by lower federal courts because a state supreme court acts in a non-judicial capacity when it promulgates such rules"[7] and "do not require review of a final state court judgment in a particular case."[8] As Defendant State Bar admits, the California Supreme Court must approve Defendant's general admissions rules and by doing so "promulgates such rules." RAB-52. An individualized admissions decision must first be considered by the State Supreme Court before an individualized denial of licensure as such can operate as a "deprivation," where only the U.S. Supreme Court has jurisdiction to review a state supreme court's petition decision regarding that individual denial of licensure. *Craig* at 1354.

Even where an applicant has not petitioned the State Supreme Court, the lower federal courts have properly held that a general challenge is within their jurisdiction. "[P]laintiff challenges the legality of various state bar rules that do not require review of a final state court judgment in a particular case. The Court

---

[7] *Craig v. State Bar* 141 F.3d 1353, 1354 (1998).
[8] *Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 485 (1983).

therefore finds that it has subject matter jurisdiction over plaintiff's claims."
*Gordon v. State Bar of Cal. Com. on Bar Examiners*, No. C 08-3341 SI (N.D. Cal.
Nov. 20, 2008).  *Giannini v. Comm. of Bar Examiners of State Bar of Cal., 847
F.2d 1434, 1435 (9th Cir.1988)* concerned an individualized admission decision
and petition that did not genuinely involve "challenges [to] the legality of various
state bar rules" and is thus inapplicable to the circumstances of this case, in which
Plaintiff clearly does so challenge the rules for admission.  The district court's
ruling and Defendant's assertions that Plaintiff was required to petition his
individual admissions rejections to the State Supreme Court before he could
challenge Defendant's widely and egregiously discriminatory Examination scoring
rules and practices is clearly erroneous and unfounded.

There is no merit to Defendant's contentions that Plaintiff's claims are not
directly related to Defendant's general and unlawful rules and practices.  Plaintiff's
challenge directly concerns the violations of the rights of a protected (age based)
class of applicants and the general disparate impact upon those applicants.  It was
made unambiguously clear by the plaintiff in *Craig* that he was not challenging
"the state's rules governing admission" but that his case constituted an individual
challenge to the State Bar's refusal to individually customize his oath for being

sworn in as a member of the State Bar.[9]  Indeed, Plaintiff here seeks general remedies to relieve Plaintiff's entire protected class from the substantial harms wrought by Defendant's ongoing and repeated pattern of widely discriminatory practices.

Further, in the related Appeal No. 20-17316 pending before this Court, there is no record of the plaintiff Mr. Kohn ever petitioning the State Supreme Court regarding his claims of discrimination against Defendant State Bar.  However, the district court in that case weighed the merits of his claims challenging Defendant's rules impacting applicants with disabilities.  See *Kohn v. State Bar of Cal.* 497 F. Supp 3d 526 (N.D. Cal. 2020).

B. This Court holds that the State Supreme Court's implicit or explicit rejections of an admissions challenge effect a "deprivation."

Even if an individual review of Plaintiff's challenge by the State Supreme Court was necessary prior to invoking jurisdiction in lower federal courts, the State Supreme Court had already rejected Plaintiff's challenge both implicitly and explicitly, and thereby effected a "deprivation" challengeable in federal district

---

[9] *Craig v. State Bar of California*, 141 F.3d 1353, 1354 (9th Cir. 1998); Defendant State Bar further improperly cites an unpublished opinion by this Court (RAB p. 21 citing *Burke v. State Bar of Cal.*, 295 F. App'x 207, 208 (9th Cir. 2008)). *Burke*, contrary to Defendant's patently false assertions, did not concern the ADEA, was decided in relation to a 42 U.S. Code § 1983 civil rights claim, and did not reference any of the facts of that particular case.

court. This Court has held that the State Supreme Court's implicit or explicit rejections of a challenge to unlawful admissions decisions effect a "deprivation." *Chaney v. State Bar of California*, 386 F.2d 962, 966 (9th Cir. 1967).

After Plaintiff delivered a letter to Defendant and the State Supreme Court challenging the discriminatory impact of their Examinations, neither body acted to address Plaintiff's challenge and instead together implemented a "cut score" program that exacerbated the Examinations' discriminatory impact. ER-116-118. This implicit rejection was followed by Plaintiff filing a charge of discrimination against the Supreme Court of California with the EEOC, to which the State Supreme Court responded by explicitly rejecting Plaintiff's challenge in its Position Statement. ER-68-72.

The State Supreme Court has rejected Plaintiff's challenges of discrimination both implicitly and explicitly and thereby established a "deprivation" of Plaintiff's (and his class's) employment rights if such a deprivation had not already been effected. There is no merit to the suggestion that this Court, the U.S. Supreme Court, or California law implicitly or explicitly mandate that any such challenge be facilitated through a California Business and Professions Code petition, which the State Supreme Court is not even required to consider.

II.     THIS COURT'S BINDING PRECEDENT HOLDS THAT THE
        CURRENT STATE BAR OF CALIFORNIA IS NOT ENTITLED TO
        SOVEREIGN IMMUNITY

   A. Under *Mitchell* and *Crowe*, following the U.S. Supreme Court in *Hess*,
      the State Bar of California has no valid claim to sovereign immunity.

   As Plaintiff has previously set forth, each of the five factors weighed by this

Court in *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir.1988),

following *Hess v. Port Authority Trans-Hudson Corporation*, 513 U.S. 30, 48

(1994), establishes that Defendant State Bar is "not the State" for purposes of

Eleventh Amendment Immunity.  Appellant's Opening Brief ("AOB") pp. 21-25.

Based on the most salient factor,[10] and the fact that the State of California's

treasury is not susceptible to Defendant's liabilities,[11] Defendant has no sovereign

immunity under the U.S. Constitution.  Defendant can sue or be sued

independently of the State, merely serves in an "advisory" role on admissions, can

purchase and sell real property in its own name, and is treated by the State as a

"local public corporation, not the State," all of which reinforce Defendant's lack of

entitlement to immunity.  *Id.*

   In the related appeal before this Court, Defendant asserts that it performs a

"central government function" (pursuant to the second Mitchell factor) by

_____

[10] *Hess v. Port Authority Trans-Hudson Corporation*, 513 U.S. 30, 48 (1994).
[11] BPC § 6008.1 (a).

10

examining applicant qualifications for admission, and is therefore purportedly entitled to immunity on that basis. Respondent's answering brief, p. 23 in App. No. 20-17316. However, in weighing this factor, this Court compared the State Bar of Oregon's advisory role in admissions directly to that of Defendant's, finding that such an advisory relationship with a state supreme court weighed against immunity. *Crowe v. Oregon State Bar,* 989 F.3d 714, 730 (9th Cir. 2021). Calling themselves an "integrated bar" does not change this critical fact regarding Defendant's limited advisory role to the State Supreme Court. Defendant is no more entitled to sovereign immunity than the National Conference of Bar Examiners (NCBE), which establishes and grades the multiple-choice portion of Defendant's Examinations,[12] or the software companies that administer the Examinations on examinee laptops. Defendant, like these private testing companies, is merely an agent of the Supreme Court of California, even if the State Supreme Court directs and approves how these agents perform their various agency functions.

B. *Mitchell* and *Hess* are intervening precedent over *Lupert*

Defendant cites *Lupert v. Cal. State Bar,* 761 F.2d 1325 (9th Cir. 1985) as purportedly representing binding precedent that the State Bar of California is

---

[12] ER-115.

11

entitled to sovereign immunity under the Eleventh Amendment. The decision in *Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995), where the issue of Defendant's immunity under the Eleventh Amendment was not contested, is directly dependent on *Lupert*. However, precedent by this Court in *Mitchell* following U.S. Supreme Court precedent in *Hess* were decided after *Lupert* in establishing this Court's five-factor test, neither of which *Lupert* or *Hirsh* reference or follow. This Court is thus compelled to decide Defendant's immunity based on its current five-factor test, which reflects that Defendant is not entitled to immunity.

C. The State Bar of 2019-2022 is not the State Bar of 1985 or 1995

As Defendant admits, the State Bar of California's organizational structure was "fundamentally different" when *Lupert* was decided.[13] This Court is thus compelled to determine Defendant's alleged immunity based on its current organizational structure that has changed "fundamentally" since *Lupert*, upon which the dicta in *Hirsh* was based.

III. PLAINTIFF HAS ESTABLISHED THE REQUISITE FACTUAL BASIS FOR HIS CLAIMS UNDER THE ADEA AND FEHA

---

[13] RAB p. 35, note 7; See also "[S]ignificant structural reforms in the State Bar of California's history, https://www.calbar.ca.gov/Portals/0/documents/factSheets/State-Bar-Reform-Chronology-Fact-Sheet.pdf; https://www.calbar.ca.gov/Attorneys/Sections

A. Defendant employer is prohibited by the ADEA and FEHA from imposing its discriminatory attorney employment Examinations on prospective employees

Just like the individuals seeking to become firefighters in the city of Chicago,[14] individuals seeking to become attorneys in the state of California are entitled to be free from an employer's discriminatory employment practices. Defendants weakly attempt to escape liability by misrepresenting their roles as purely regulatory functions. Defendant directly employs numerous attorneys just as many other attorney employers do, including the State of California and the Supreme Court of California, all based on Defendant's discriminatory attorney qualification examinations.

The fact that Defendant requires individuals to participate in their discriminatory Examinations before, rather than after, they formally apply for employment with Defendant is entirely extraneous to their liability under the ADEA. Defendant's attorney job postings make clear that anyone, including Plaintiff, who wishes to directly apply for employment as an attorney with Defendant must first pass Defendant's employment Examinations,[15] and thereby

---

[14] *Lewis v. City of Chicago*, 130 S. Ct. 2191, 2194 (2010).
[15] "The State Bar of California Careers," available at
https://www.calbar.ca.gov/About-Us/Careers

Defendant "refuse[s] to hire…any individual or otherwise discriminate[s] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" pursuant to 29 U.S. Code § 623 (b) of the ADEA.

This Court has made clear that this sort of "nexus" between an employer (including an indirect employer) and individuals seeking employment is sufficient to establish liability under federal employment discrimination law. In *Assoc. of Mexican-Am. v. State of Calif*, 231 F.3d 572 (9th Cir. 2000), for example, this Court held that the State of California, as an "indirect employer," could be liable for imposing its "Basic Education Skills Test" on individuals seeking to be employed as teachers by local school districts. "[W]e have held that an entity that is not the direct employer of a Title VII plaintiff nevertheless may be liable if it "`interferes with an individual's employment opportunities with another employer.'" *Assoc. of Mexican-Am.* citing *Gomez v. Alexian Bros. Hosp.*, 698 F.2d 1019, 1021 (9th Cir. 1983) (quoting *Lutcher v. Musicians Union Local 47,* 633 F.2d 880, 883 n. 3 (9th Cir. 1980)). The "nexus" between Defendant attorney employer and individuals seeking to be employed by Defendant and/or other attorney employers has been clearly established for holding Defendant liable under the ADEA and FEHA.

    B. Defendant is a labor organization and referral agency liable under the ADEA

14

As well as being an attorney employer, the U.S. Supreme Court has found that Defendant operates as a "labor union," and is therefore liable as a labor organization under the ADEA for excluding membership based on the ages of prospective members. "[T]here is a substantial analogy between the relationship of the Bar and its members and that of unions and their members…The State Bar was created, not to participate in the general government of the State, but to provide specialized professional advice to those with the ultimate responsibility of governing the legal profession." *Keller v. State Bar of California,* 496 U.S. 1, 2 (1990).

Defendant inaptly attempts to escape the U.S. Supreme Court's factual finding by claiming that it isn't the same organization as it was when *Keller* was decided. However, nothing about Defendant's advisory role with respect to the State Supreme Court has fundamentally changed since *Keller*. Defendant is still limited to advising the State Supreme Court in admitting applicants, as Plaintiff set forth in his Complaint, and which Defendant chooses to misleadingly omit in its reply.

Defendant not only "advises" who the State Supreme Court should grant licenses to and employ as attorneys, but advises the State Supreme Court on what rules Defendant's members should abide by as a condition of employment and membership while actively participating in enforcing these rules. Defendant is

15

therefore a "labor organization," as defined by the ADEA as one of "*any organization of any kind, any agency*, or employee representation committee, group, *association*, or plan so engaged *in which employees participate and which exists for* the purpose, in whole or *in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment*" (emphasis added).[16]

Defendant also cannot escape the widely-known fact that it actively participates in referring its members for employment to employers, for which Defendant is compensated with member dues and fees from the referral agencies it "certifies" and oversees.[17]  Defendant directly controls by whom and the manner of how their members are referred for employment and "thereby regularly engages in an undertaking with or without compensation to procure employees for an employer" and thus acts as an "employment agency" under 29 U.S. Code § 630 (c) of ADEA.

----

[16] 29 U.S. Code § 630 (d); *See also* California Government Code § 12926 (h).
[17] *See* State Bar "Lawyer Referral Service Provider Certification," available at
https://www.calbar.ca.gov/Access-to-Justice/Initiatives/LRS-Provider-Certification

## CONCLUSION

The district court improperly dismissed Plaintiff-Appellant's claims based on an unfounded opinion that any challenge to Defendant-Appellee's rules for admission "must" be made by way of a formal petition to the California Supreme Court, which contradicts clear precedent by this Court and the U.S. Supreme Court that such challenges may be brought directly before U.S. district courts for review.

This Court can properly consider sovereign immunity as it applies to the current structure of Defendant State Bar, which Defendant admits has "fundamentally" changed since obsolete or non-binding opinions were rendered without reference to this Court's intervening precedent in *Mitchell* and *Crowe* following the U.S. Supreme Court's opinion in *Hess*. Plaintiff's factual allegations fully support Defendant attorney employer's liability under the ADEA and FEHA on the basis of its egregiously discriminatory employment Examinations and on its operations as a labor organization and employment referral agency.

Accordingly, Plaintiff-Appellant respectfully requests that this Court (1) vacate the Judgment of the district court, (2) reverse the district court's orders dismissing Plaintiff's claims.

17

Date: May 12, 2023

Respectfully Submitted,

 *s/*Matthew Flinders
Matthew Flinders

*Plaintiff/Appellant Pro Se*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Appellant's Reply Brief complies with the requirements of FRAP 27(d). The brief was prepared in Times New Roman 14-point font, and contains 4176 words, as counted by Microsoft Word.

Date: May 12, 2023,


   *s/*Matthew Flinders

Matthew Flinders
*Plaintiff/Appellant Pro Se*